CLERICAL-TECHNICAL UNION OF MICHIGAN STATE
UNIVERSITY v BOARD OF TRUSTEES OF MICHIGAN STATE
UNIVERSITY

Docket No. 117401. Submitted November 7, 1990, at Lansing. Decided
    March 25, 1991; approved for publication July 11, 1991, at 9:25
    A.M. Leave to appeal denied, 438 Mich 872.

    Michigan State University Clerical-Technical Union brought a
    Freedom of Information action in the Ingham Circuit Court
    against the Michigan State University Board of Trustees, alleg-
    ing that the board's refusal to disclose the home addresses of
    certain classes of donors to the university violated the act. The
    court, Peter D. Houk, J., granted summary disposition for the
    plaintiff, holding that the addresses were not exempt from
    disclosure and ordered the addresses disclosed and payment of
    attorney fees and punitive damages. The defendant appealed.

        The Court of Appeals *held:*

        The addresses are exempt from disclosure pursuant to the
    FOIA's privacy exemption, MCL 15.243(1)(a); MSA 4.1801(13)(1)
    (a). The addresses are information of a personal nature, release
    of which would constitute an unwarranted invasion of privacy.

        1. The public would not benefit from disclosure of the donors'
    addresses. It would be an unreasonable invasion of privacy for
    the addresses to be released.

        2. The initial as well as the future uses of requested informa-
    tion under the FOIA are irrelevant in determining whether to
    withhold information under the act's privacy exemption. Thus,
    the court erred in considering that the donors would not be
    subject to harassment by the union.

        Reversed and remanded.

*Finkel, Whitefield & Selik, P.C.* (by *Bradley T.
Raymond*), for the plaintiff.

*Vence L. Bonham, Jr.,* and *Mary E. Kurz,* Office
of the General Counsel, Michigan State Univer-
sity, for the defendant.

Amicus Curiae:

*Farhat, Story & Kraus, P.C.* (by *Max R. Hoffman, Jr.,* and *Timothy M. Perrone*), for Thomas Alguire, John C. Carlyle, Martin J. Sherman, Delores Storey, Richard Storey, and Merlin V. Terrill.

*Miller, Canfield, Paddock & Stone* (by *Roderick K. Daane* and *Charles A. Duerr*), for Central Michigan University, Eastern Michigan University, Grand Valley State University, Michigan Technological University, Northern Michigan University, Oakland University, Saginaw Valley State University, The University of Michigan, Wayne State University, and Western Michigan University.

Before: CYNAR, P.J., and GILLIS and WEAVER, JJ.

PER CURIAM. This case arises out of a labor dispute between plaintiff Clerical-Technical Union of Michigan State University and defendant Michigan State University. In September, 1988, the union filed a request seeking the names and addresses of certain classes of donors to MSU pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* In response to the request, MSU supplied everything sought except the names of anonymous donors and the addresses of the other donors.

Subsequently, the union filed a complaint under the FOIA, alleging arbitrary and capricious denial of its request. Both parties moved for summary disposition. Following a hearing, the trial court ruled in favor of the union. The court held that a donor who allows his name to be published by the university has no right of privacy in his address. Those donors whose names were not published by MSU were treated similarly. The court awarded actual attorney fees and punitive damages of $500 under the FOIA for MSU's improper denial of the

request. Defendant appeals as of right, and we reverse.

On appeal, MSU contends that the trial court erred in holding that the home addresses are not exempt from disclosure. We agree.

MSU is a "public body" as defined by the FOIA and is therefore required to disclose information under the FOIA. MCL 15.232; MSA 4.1801(2); *Kestenbaum v Michigan State University,* 414 Mich 510; 327 NW2d 783 (1982). MSU argues, however, that the donors' home addresses are exempt from disclosure pursuant to the FOIA's privacy exemption, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a). MSU contends that such information is of a personal nature, and that public disclosure would constitute "a clearly unwarranted invasion of an individual's privacy."

We do not hesitate to agree with MSU that the donors' addresses are information of a personal nature. As noted by Justice FITZGERALD in *Kestenbaum,* the release of names and addresses inherently constitutes an invasion of privacy. The question before us, however, is whether such an invasion is unwarranted. The jurisprudence of this state is unsettled regarding the standard to be used in addressing this issue. Two theories or standards have emerged from the Supreme Court.

One theory is the balancing test, in which the court must weigh the potential harm from the invasion alongside the potential benefits to the public from disclosure. *Kestenbaum, supra.* Under the other standard, the court must determine whether the release of the requested information would be a "clearly unwarranted invasion of an individual's privacy." *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 123; 404 NW2d 606 (1987). We need not choose between these standards because we find that

under either one the court erred in ordering the donors' addresses to be disclosed.

We first note that the trial court erred in considering the fact that the donors would not be subjected to "harassment" by the union. The initial as well as future uses of the requested information are irrelevant. The court is not expected to monitor the use of information after it is released. *Id.,* pp 125-126.

In determining the public interest in disclosure, we must consider whether release of the material would be consistent with the legislative intent articulated in the public policy statement contained in the FOIA, which reads as follows:

> It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

In the present case, we fail to see how the addresses of donors could be considered necessary to allow full participation in the democratic process. Indeed, we feel constrained to recognize that releasing the addresses of donors, which allows ready access to those singled out by their generosity, would leave these philanthropists vulnerable to unwanted solicitors.

Considering the minimal relationship that the donors' addresses have with the university's functions as a public institution, we find it would be an unreasonable invasion of privacy for them to be released. This is especially true because the donors had no notion that their act of generosity would expose them to public scrutiny. Although this

Court has ruled that any individual contracting with a public entity should realize that the transaction may be subject to public scrutiny, *Oakland Press v Pontiac Stadium Building Authority,* 173 Mich App 41; 433 NW2d 317 (1988), we do not believe that such caution should be occasioned by philanthropic actions that benefit a public university.

We reverse the order of the trial court and remand the case to allow the appropriate order to be entered. We do not retain jurisdiction.

Reversed and remanded.