TAYLOR v LANSING BOARD OF WATER AND LIGHT

Docket No. 265533. Submitted June 14, 2006, at Detroit. Decided June 27, 2006. Approved for publication August 29, 2006, at 9:15 a.m.

Joni Taylor brought an action in the Ingham Circuit Court against the Lansing Board of Water and Light, alleging an improper denial of her request for various materials under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* The defendant had denied the plaintiff's request after concluding that the plaintiff was acting as an agent for Virginia Cluley to obtain the requested material for use in a separate lawsuit Cluley had brought against the defendant. The defendant moved for summary disposition, arguing that the plaintiff's request was an attempt to circumvent the discovery rules governing Cluley's action and that the material was exempt from disclosure under MCL 15.243(1)(v). The court, Paula J. Manderfield, J., denied the defendant's motion and granted the plaintiff summary disposition, except with regard to the plaintiff's request for personnel records, which the court concluded were not subject to disclosure. The defendant appealed, and the plaintiff cross-appealed.

The Court of Appeals *held*:

1. The requested documents were not exempt from disclosure under MCL 15.243(1)(v). The plain language of that statute indicates that it applies only to information relating to a civil action in which both the requesting party and the public body are parties. While the plaintiff in this matter is the admitted best friend of Cluley and is represented by Cluley's attorney, the plaintiff is not a party to Cluley's action, and MCL 15.243(1)(v) serves as no basis for exempting the records the plaintiff requested. The literal application of the statute appears to lead to an absurd result by allowing a party to a lawsuit to obtain by proxy material or information that the party would otherwise not be entitled to receive through FOIA. The absurd results rule does not apply in this case, however, because MCL 15.243(1)(v) is not ambiguous.

2. The trial court erred to the extent that it denied disclosure of the requested personnel records. No FOIA provision specifically exempts disclosure of personnel records, except those of law

enforcement personnel. Nor are personnel records information of a personal nature that is exempt from disclosure under MCL 15.243(1)(a).

Affirmed in part and reversed in part.

1. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS FROM DISCLOSURE — CIVIL ACTIONS.

The Freedom of Information Act exemption from disclosure of records or information relating to a civil action applies only if both the party requesting the record or information and the public body to which the request is made are parties to the civil action (MCL 15.243[1][v]).

2. RECORDS — PERSONNEL RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS FROM DISCLOSURE.

The Freedom of Information Act does not exempt personnel records, other than those of law enforcement agencies, from disclosure (MCL 15.243[1]).

*Schram, Behan & Behan* (by *Michael R. Behan* and *Raymond R. Behan*), for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *Stephen O. Schultz* and *Sarah J. Gabis*), and *Amy M. Cavanaugh* for the defendant.

Amici Curiae:

*Edward M. Thomas*, Corporation Counsel, and *Colleen S. Pacler*, Assistant Corporation Counsel, for Wayne County.

*William C. Mathewson* for the Michigan Municipal League.

Before: FORT HOOD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM. Defendant appeals as of right an order granting, in part, summary disposition in plaintiff's favor and ordering defendant to disclose certain docu-

ments pursuant to the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.* Plaintiff cross-appeals that portion of the order determining that the requested personnel records were exempt from disclosure and denying their release. Because we conclude that none of the documents requested by plaintiff was exempt from disclosure, we affirm in part and reverse in part.

Plaintiff filed this action seeking an order compelling defendant, a public body, to produce documents she requested under FOIA. In the request, plaintiff sought disclosure of, among other things, Virginia Cluley's (and others') personnel files, e-mails between identified individuals on specific dates, correspondence between named individuals on specific dates, and approval and expense reimbursement information for named individuals on specific dates. Defendant denied the request in a September 29, 2004, letter stating, "It is apparent that the intended use of the requested documents is for the civil lawsuit of <u>Cluley v. Lansing Board of Water and Light</u> and that you are acting as the Plaintiffs' agent and on their behalf in requesting the documents. Therefore, the requested items are exempt from disclosure under FOIA." Plaintiff thereafter filed an action against defendant, alleging that defendant improperly denied the request in violation of FOIA.

Defendant moved for summary disposition in the trial court, arguing that at the time of plaintiff's FOIA request, defendant was involved in litigation with plaintiff's best friend, Virginia Cluley, who had told plaintiff about the lawsuit she had filed against defendant. Defendant also pointed out that Ms. Cluley's counsel in that lawsuit was the same counsel who prepared plaintiff's FOIA request and who currently represents plaintiff, and argued that plaintiff's FOIA request was an

attempt to circumvent the discovery rules governing the Cluley action. Defendant claimed that it thus properly denied the request as seeking information exempt from disclosure under MCL 15.243(1)(v). The trial court disagreed and, on September 26, 2005, entered an order denying defendant's motion for summary disposition and granting summary disposition in favor of plaintiff,[1] with the exception of requested personnel records, which the trial court deemed not subject to disclosure. Both parties now appeal the order.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Corley v Detroit Bd of Ed,* 470 Mich 274, 277; 681 NW2d 342 (2004). In considering a motion pursuant to MCR 2.116(C)(10), a court considers affidavits, pleadings, depositions, admissions and other documentary evidence submitted by the parties in a light most favorable to the nonmoving party. *Id.* at 278. If the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999). Issues concerning the interpretation of a statute are questions of law that we also review de novo. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003).

Defendant argues on appeal that the requested documents are in fact exempt from disclosure under MCL 15.243(1)(v). Defendant contends that in denying its motion for summary disposition and granting summary disposition in favor of plaintiff, the trial court construed MCL 15.243(1)(v) too narrowly and in a manner contrary to the legislative intent. Plaintiff, in her cross-appeal, contends that while the trial court appropriately ruled in her favor, it also erred in excluding the

---

[1] Although not specified on the record, summary disposition was presumably granted in plaintiff's favor pursuant to MCR 2.116(I)(2).

requested employee personnel files, given that defendant did not argue that those files were exempt and that there is no specific FOIA exemption for personnel records.

The purpose of FOIA is to provide all persons, except those persons incarcerated in state or local correctional facilities, with "full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees . . . . The people shall be informed so that they may fully participate in the democratic process." MCL 15.231(2). FOIA mandates a policy of full disclosure, *Stone Street Capital, Inc v Bureau of State Lottery,* 263 Mich App 683, 687; 689 NW2d 541 (2004), and a public body must disclose all public records that are not specifically exempt under the act upon written request, MCL 15.233(1); *Scharret v City of Berkley,* 249 Mich App 405, 411; 642 NW2d 685 (2002).

Pursuant to MCL 15.243(1), a public body may exempt the following from disclosure:

> (a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

> \* \* \*

> (d) Records or information specifically described and exempted from disclosure by statute.

> \* \* \*

> (v) Records or information relating to a civil action in which the requesting party and the public body are parties.

The exemptions must be narrowly construed, and the party seeking to invoke an exemption must prove that nondisclosure is in accord with the intent of the Legis-

lature. *City of Warren v Detroit*, 261 Mich App 165, 169-170; 680 NW2d 57 (2004). If a request for information held by a public body falls within an exemption, the decision to release the information becomes discretionary. *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 293; 565 NW2d 650 (1997). Whether requested information fits within an exemption from disclosure under FOIA is a mixed question of fact and law, and, on appeal, the trial court's factual determinations are reviewed for clear error, but its legal conclusions are reviewed de novo. *Stone Street Capital, Inc*, *supra* at 686.

Case law is clear that initial as well as future uses of information requested under FOIA are irrelevant in determining whether the information falls within exemption, as is the identity of the person seeking the information. See, e.g., *Clerical-Technical Union of Michigan State Univ v Michigan State Univ Bd of Trustees*, 190 Mich App 300; 475 NW2d 373 (1991); *State Employees Ass'n v Dep't of Mgt & Budget*, 428 Mich 104; 404 NW2d 606 (1987). Thus, the public body asserting the exemption in MCL 15.243(1)(v) must prove that it is a party to a civil action involving the requesting party. Otherwise, this Court's ruling in *Central Michigan Univ Supervisory-Technical Ass'n v Central Michigan Univ Bd of Trustees*, 223 Mich App 727, 730; 567 NW2d 696 (1997) (holding that FOIA does not conflict with the court rules governing discovery, nor does it supplement or displace them), is applicable, and the public body is afforded no exemption from disclosure based solely on the status of one of the parties as litigants.

A plain reading of MCL 15.243(1)(v) would require a conclusion that the trial court correctly ruled the requested documents were not exempt. The plain lan-

guage of the exemption cited by defendant applies only to information relating to a civil action in which *both* the *requesting party* and the *public body* are parties. "Party" is not defined in the statute itself, but is defined in Black's Law Dictionary (6th ed) as "those by or against whom a legal suit is brought . . . ."[2] Plaintiff in this matter is the admitted best friend of Ms. Cluley, a party involved in a lawsuit against defendant. However, there is no dispute that plaintiff was not and is not a party to the Cluley action. MCL 15.243(1)(v) thus serves as no basis for exempting the records requested by plaintiff.

This Court is well aware that a literal interpretation of statutory language is disfavored when that interpretation would lead to an absurd result. See *Houghton Lake Area Tourism & Convention Bureau v Wood,* 255 Mich App 127, 142-143; 662 NW2d 758 (2003). This Court is also well aware that a literal application of the statutory language leads to an absurd result in this matter. Plaintiff testified that when requesting the documents at issue, she was acting as Ms. Cluley's friend, and the attorney who prepared the FOIA request for plaintiff is none other than Ms. Cluley's trial counsel in the Cluley litigation. Moreover, plaintiff acknowledged that Ms. Cluley was present during at least one discussion concerning the FOIA request, and plaintiff frequently testified to a lack of knowledge or memory about why she requested specific documents. It could be inferred, then, that plaintiff was merely an instrument through which Ms. Cluley sought to gain information concerning the Cluley lawsuit. The literal application of the statute, then, would allow a party to

---

[2] This Court may examine dictionary definitions if a statute does not expressly define its terms. *People v Rutledge,* 250 Mich App 1, 6; 645 NW2d 333 (2002).

obtain information by proxy that he or she would otherwise not be entitled to receive through FOIA, thereby easily avoiding the exemption.

Nevertheless, our Supreme Court has determined that the "absurd result" rule applies only when statutes are ambiguous. See *Gilbert v Second Injury Fund,* 463 Mich 866, 867 (2000); *People v McIntire,* 461 Mich 147, 155-157; 599 NW2d 102 (1999) (noting that if the language is plain and unambiguous, we may not depart from a literal construction even to avoid an absurd or unjust result, lest we engage in impermissible judicial lawmaking); *Koontz v Ameritech Services, Inc,* 466 Mich 304, 312; 645 NW2d 34 (2002) ("Because the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute.").

In our view, there is no ambiguity in the statute that would require judicial construction. Because FOIA exemptions are to be narrowly construed, see *City of Warren, supra* at 169, and the term "party" has a distinct and precise legal definition, the Legislature is presumed to have intended the meaning it plainly expressed, *Pohutski v City of Allen Park,* 465 Mich 675, 683; 641 NW2d 219 (2002). Absent an ambiguity in the statute, we must forgo judicial construction and an examination of legislative history. *Luttrell v Dep't of Corrections,* 421 Mich 93, 101; 365 NW2d 74 (1984).

While defendant may disagree with the restrictive language of the exemption at issue and the result of its application, our Legislature has elected to make it so. And however distasteful the result in this case may be to this Court, it does not give us license to avoid applying the unambiguous language of the statute. We thus affirm the trial court's order that the documents are not exempt from disclosure under FOIA.

Addressing plaintiff's cross-appeal, this Court notes that in denying plaintiff disclosure of the requested personnel records, the trial court simply stated, "I think there are separate rules on personnel files." No reference was made, however, to any specific rule the court relied on in finding the personnel records exempt from disclosure, and this Court was unable to locate any provision in FOIA specifically exempting personnel records, other than those of law enforcement agencies, from disclosure.

If the trial court relied on MCL 15.243(1)(a), the exemption relating to information of a personal nature, such reliance was misplaced. This Court has previously held that the personnel documents of public school teachers and principals, which contained performance appraisals, disciplinary actions, and complaints relating to these employees' accomplishments in their public jobs, did not contain information of an embarrassing, intimate, private, or confidential nature and, thus, were not of a "personal nature" and exempt from disclosure under privacy exemption under FOIA. See *Bradley, supra* at 294-295. This Court sees no distinction, and defendant has articulated none, between the personnel files of public school employees and other public body employees such as those whose records were requested in this case. As a result, there was no basis to find the personnel records exempt from disclosure, and that portion of the trial court's ruling is therefore reversed.

Affirmed in part and reversed in part.