# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN BISIO,

Plaintiff-Appellant,

v

THE CITY OF THE VILLAGE OF
CLARKSTON,

Defendant-Appellee.

UNPUBLISHED
July 3, 2018

No. 335422
Oakland Circuit Court
LC No. 2015-150462-CZ

Before: BECKERING, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Susan Bisio, appeals as of right from an order granting summary disposition of her claim under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, to defendant, City of the Village of Clarkston, and deeming moot her cross-motion for summary disposition on defendant's defenses.[1] Plaintiff also challenges the trial court's June 8, 2016 order denying her motion in limine to exclude evidence of her motive for requesting the records at issue and her intended use of them. For the reasons stated below, we affirm the trial court's grant of summary disposition to defendant on plaintiff's FOIA claim.

---

[1] We permitted the Michigan Press Association and Detroit Free Press to file a joint amicus brief on behalf of plaintiff. *Susan Bisio v The City of the Village of Clarkston*, unpublished order of the Court of Appeals, entered June 21, 2017 (Docket No. 335422). We also permitted the Michigan Municipal League and the Michigan Townships Association to file a joint amicus brief on behalf of defendant. *Susan Bisio v The City of the Village of Clarkston*, unpublished order of the Court of Appeals, entered July 26, 2017 (Docket No. 335422). We also granted plaintiff's motion for leave to reply to the joint amicus brief of the Michigan Press Association and Detroit Free Press. *Susan Bisio v The City of the Village of Clarkston*, unpublished order of the Court of Appeals, entered September 6, 2017 (Docket No. 335422).

-1-

## I. STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

On June 7, 2015, plaintiff submitted a FOIA request to defendant requesting, among other things, correspondence referenced in certain monthly billing invoices submitted to the city by the city attorney, Thomas Ryan, and by engineering consultants Hubbell, Roth, & Clark (HRC). The documents requested pertained primarily to a development project at 148 N. Main Street and the cleanup of vacant property located at Walden Road and M-15. Plaintiff also requested any other correspondence "pertaining to the conditional rezoning of 148 N. Main and storm water collection, retention, or detention at the proposed redevelopment at 148 N. Main from January 1, 2014 to the present." Plaintiff received most of the records she requested, but a letter from the city attorney informed her that 18 of the items referenced in his invoices were not public records. Subsequent communications brought the release of a few more records and corrections of some of the deficiencies in disclosures already made. Defendant maintained, however, that certain items in the city attorney's files and the files of the HRC were not public records because the city had never received the records and neither the city attorney nor HRC was a "public body" for purposes of FOIA.

On December 4, 2015, plaintiff filed a FOIA complaint asking the court to order defendant to produce all of the records she had requested, regardless of where they were located. In its answer, defendant denied having violated FOIA by refusing to disclose public records and asserted affirmative defenses under MCR 2.116(C)(8) (failure to state a claim), (C)(5) (plaintiff is not the party in interest), and (C)(6) (prior action asserting the same claims). Defendant contended that the purpose of plaintiff's FOIA request was to obtain documents for use by her husband, Richard Bisio, in a complaint he had previously filed against defendant alleging violation of the Open Meetings Act, MCL 15.261 *et seq* (OMA).[2] Accordingly, defendant asserted that the requested documents were exempt under MCL 15.243(1)(v) because they related "to a civil action in which the requesting party and the public body are parties."

Along with her FOIA complaint, plaintiff filed a motion for partial summary disposition. Relying on agency principles, plaintiff argued that the city attorney was defendant's agent and stood in defendant's shoes such that the documents the city attorney possessed that pertained to city business belong to defendant. Therefore, the requested documents are public records because they are "in the possession" of defendant and because the city attorney, as an agent for defendant, "used" them to conduct city business and "retained" them. Plaintiff further argued

---

[2] Five days before plaintiff filed the underlying FOIA complaint, her attorney and husband, Richard Bisio, filed a complaint alleging that defendant violated the OMA. After defendant denied plaintiff's request in part, Richard amended his OMA complaint to add a count asking for a declaratory judgment that written documents to and from the city attorney, in his capacity as city attorney, were public records under FOIA, regardless of their being kept in his private files. Defendant has maintained throughout the instant action that plaintiff, as a proxy for her husband, submitted her FOIA request to obtain for Richard's use in his OMA case documents otherwise not available to him.

that neither the physical location of the records in the city attorney's office nor the fact that the city attorney is not a "public body" changes the character of the records as "public records." Defendant filed a response to plaintiff's motion for partial summary disposition and a cross-motion for summary disposition pursuant to MCR 2.116(C)(6), asserting that Richard Bisio was the real party in interest and that plaintiff's FOIA complaint was in service of his OMA complaint. With these motions still pending, plaintiff filed a motion for summary disposition on defendant's affirmative defenses, contending that they were "based on the erroneous premise that Susan Bisio is not a person separate from her husband and that the 'real' plaintiff here is Richard Bisio."

Subsequent to oral argument, the trial court denied both of plaintiff's motions, finding that a genuine issue of material fact existed as to whether the records were public records and that facts could be developed to support defendant's affirmative defenses. Prior to oral argument, defendant and Richard had entered into a consent judgment in Richard's OMA claim that preserved plaintiff's FOIA claim. Consequently, the trial court also denied as moot defendant's motion for summary disposition pursuant to MCR 2.116(C)(6).

Plaintiff next filed a motion in limine to exclude evidence of her motive for requesting records and for her intended use of the records. She asserted that defendant based its defenses primarily on the erroneous assumption that she is just a "front" for her husband and that she filed her FOIA request at his behest "to obtain records for use in his now-dismissed lawsuit against the city." Denying this assumption as untrue, plaintiff argued that a requester's motive and intended use of the documents requested is nevertheless irrelevant, and irrelevant evidence is inadmissible under MRE 402. Defendant responded by indicating that granting plaintiff's motion would be premature, as discovery had not yet closed, and further discovery might produce evidence that plaintiff intended by her FOIA action to obtain documents relevant to her husband's now-dismissed OMA case. The trial court denied plaintiff's motion.

After discovery closed, defendant filed a motion for summary disposition primarily on the ground that the records sought were not public records for purposes of FOIA because they were not "prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function." Plaintiff responded with a cross-motion for summary disposition on the defendant's asserted exemptions from disclosure as well as on the exemptions defendant did not formally assert. In addition, plaintiff sought summary disposition on her request for imposition of a civil fine and award of punitive damage as provided for under FOIA, citing MCL 15.240(7) and MCL 15.240a(7).

Subsequent to oral argument, the trial court granted defendant's motion for summary disposition and deemed plaintiff's cross-motion moot. The trial court found no documentary evidence establishing that the city attorney shared the contested records with defendant, that defendant used the contested records to make a decision related to the subject matter of the records, or that defendant retained the contested records in performance of an official function. Thus, the trial court concluded that the contested records were not public records. Accordingly, the trial court granted defendant summary disposition of plaintiff's complaint pursuant to MCR 2.116(C)(10) and denied as moot plaintiff's cross motion for summary disposition. This appeal followed.

## II. ANALYSIS

## A. STANDARDS OF REVIEW

We review a trial court's summary disposition decision de novo. *Thomas v City of New Baltimore*, 254 Mich App 196, 200; 657 NW2d 530 (2002). Summary disposition under MCR 2.116(C)(10) is proper if the documentary evidence filed by the parties and viewed in the light most favorable to the party opposing the motion fails to show a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich. 177, 183; 665 NW2d 468 (2003).

We also review de novo questions of statutory interpretation. *Ellison v Dep't of State*, 320 Mich App 169, 175; 906 NW2d 221 (2017). "If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Id*. quoting *Herald Co. v City of Bay City*, 463 Mich 111, 117-118; 614 NW2d 873 (2000).

We review a trial court's decision on a motion in limine for an abuse of discretion. See *Lockridge v Oakwood Hosp*, 285 Mich App 678, 693; 777 NW2d 511 (2009). An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. *Arabo v Michigan Gaming Control Bd*, 310 Mich App 370, 397-398; 872 NW2d 223 (2015). "A court by definition abuses its discretion when it makes an error of law." *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

## B. PUBLIC RECORDS

Plaintiff first contends that the trial court erred in granting defendant summary disposition based on its conclusion that the records at issue are not public records. We disagree.

The purpose of FOIA is to allow the public to "examine and review the workings of government and its executive officials." *Thomas*, 254 Mich App at 201. Unless public records are exempt from disclosure under MCL 15.243, they are subject to disclosure under FOIA. MCL 15.232(e)(i) and (ii). A "public record" means "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(e). A "public body" includes "[a] county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof." MCL 15.232(d)(iii). Public records are not insulated from FOIA by their location or the fact that a private entity created them originally for its own use. See, e.g., *Amberg v City of Dearborn*, 497 Mich 28; 859 NW2d 674 (2014) (private businesses' surveillance videos collected as evidence by law enforcement personnel were public records because they were used to support the defendant's decision to issue a citation).

-4-

Plaintiff contends that the city attorney is defendant's agent and that the documents that the city attorney creates, possesses, retains, and uses in the conduct of his work for defendant belong to defendant, the city attorney's principal. For this reason, the letters at issue are records "prepared, owned, used, in the possession of, or retained" by defendant. Plaintiff also contends that the city attorney performed an "official function" for defendant when he sent or received each letter in his capacity as city attorney, and each letter involved city business. According to plaintiff, limiting "official business" to formal decisions of the type reflected in meeting minutes reads the FOIA statute too narrowly and gives defendant too much discretion in deciding what constitutes a public record.

Plaintiff's use of agency principles to argue that the contested documents the city attorney sent and received while negotiating for the city are public records subject to disclosure under FOIA is seductive, but it is unsupported by the plain language of the relevant statutes, by Michigan caselaw, and by the foreign caselaw relied upon by plaintiff.

Absent an ambiguity, the Court may presume that MCL 15.232(e) expresses the Legislature's intent that in order for a record to be subject to FOIA, a public body must have prepared, owned, used, possessed or retained the record in the performance of an official function. See *Ellison*, 320 Mich App at 175 ("If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted.") The definition of "public body" provided by MCL 15.232(d)(iii) does not include officers or employees acting on behalf of cities, townships, and villages. By contrast, MCL 15.232(d)(i), which provides the definition of "public body" relevant to the executive branch of state government, does include officers and employees acting on behalf of the public body. Had the Legislature so intended, it could have included officers or employees, or agents, in the definition of public body that pertains to cities, townships, and villages. That it did not indicates the Legislature's intent to limit "public body" in § 232(d)(iii) to the governing bodies of the entities listed. This interpretation finds support in the Michigan Supreme Court's decision in *Breighner v Mich High Sch Athletic Ass'n*, 471 Mich 217; 683 NW2d 639 (2004).

At issue in *Breighner* was whether the Michigan High School Athletic Association (MHSAA) was a "public body" as defined at MCL 15.232(d). *Breighner*, 471 Mich at 219. The plaintiffs argued that the MHSAA was a public body as defined by § 232(d)(iii) because "it acts as an 'agent' for its member schools[.]" *Id*. at 232. The trial court ruled for the plaintiff on other grounds, but this Court reversed in a split decision, with the majority rejecting the plaintiffs' argument that the MHSAA is an 'agent' of the state and therefore subject to FOIA under § 232(d)(iii). *Breighner*, 471 Mich at 224.

Affirming this Court's decision, the Michigan Supreme Court observed that the majority and the parties "appear to have assumed that § 232(d)(iii) includes 'agents' of enumerated governmental entities in the definition of 'public body.' " *Id*. at 232. Disagreeing, the *Breighner* Court stated that "agent" and "agency" were not the same thing, and that "[h]ad the Legislature intended any 'agent' of the enumerated governmental entities to qualify under § 232(d)(iii), it would have used that term instead of 'agency.' " *Id*. at 232-233. The Court further noted in a footnote that it would "defy logic to conclude that any person or entity qualifying as an 'agent' of one of the enumerated governmental bodies would be considered a 'public body' for purposes

of FOIA. *Id*. at 233 n 6. These observations are arguably nonbinding dicta, but we find the reasoning of the Supreme Court persuasive and consistent with the plain language of § 232(d)(iii) and with Michigan caselaw. See *Eyde Bros Dev Co v Eaton Co Drain Comm'r*, 427 Mich 271, 286; 398 NW2d 297 (1986); *Dye v St. John Hosp and Med Ctr*, 230 Mich App 661, 669; 584 NW2d 747 (1998).

Plaintiff argues that the *Breighner* Court's holding is irrelevant to the case at bar because she has never claimed that the city attorney was a public body. Rather, she argues that, because an agent's records are the principal's records, the city attorney's records are defendant's records; thus, to the extent that the city attorney possesses them in the conduct of city business, defendant possesses them in the performance of an official function. Plaintiff's argument is unavailing because it does not circumvent the requirement of § 232(e) that public records are those prepared, owned, used, possessed or retained in the performance of an official function by the "public body" and *Breighner*'s indication that "public body" does not include agents of the public body. Plaintiff's argument is also unsupported by caselaw suggesting that for a record to become a public record subject to FOIA, the record has to be adopted by the public body itself in one of the ways stated in § 232(e), not simply used, possessed, or retained by someone acting on behalf of the public body. In *Hoffman v Bay City Sch Dist*, 137 Mich App 333; 357 NW2d 686 (1984), this Court held that records created by the school district's attorney during his investigation of the district's finance department were not public records because the attorney reported his findings orally, without at any time sharing the documents in his investigatory file with the district. Like *Hoffman*, the records at issue in this case have remained in possession of the city attorney. There is no evidence suggesting that he has shown them to the city council, that council members have used them for the basis of a decision, or even that the letters sent and received have resulted in an agreed-upon proposal that the city attorney could submit for the council's consideration.

Plaintiff and his amici contend that *Hoffman* was wrongly decided. The amici argue that the Court should have concluded that the attorney's investigation records were public records, but that they were exempt under MCL 15.243(g) as attorney-client privilege, subsection (h) as work product, or subsection (m) as frank communication. Plaintiff contends that *Hoffman* should be limited to its facts and that the work of the charter-appointed city attorney on behalf of the defendant city is qualitatively different from "an internal investigation by a retained attorney on which no action was taken." Plaintiff further contends that *Hoffman* has been superseded by cases such as *MacKenzie v Wales Twp*, 247 Mich App 124, 129; 635 NW2d 335 (2001). Plaintiff relies on *MacKenzie* for the proposition that "FOIA applies to records in the 'control' of a public body, not just those in its possession" and that "it is the content of the record, not its location, that determines whether it is a public record."

We do not believe that *MacKenzie* has superseded *Hoffman*; in fact, this Court distinguished its holding in *MacKenzie* from that in *Hoffman*. At issue in *MacKenzie* was whether magnetic computer tapes created from tax information provided by two townships and possessed by a third party at the behest of the defendant townships were public records subject to disclosure under FOIA. *MacKenzie*, 247 Mich App at 125-126. The townships used the magnetic computer tapes created by the third party to generate tax notifications to their respective property owners. The third party kept the tapes after creating them, but sent the

documents from which it created the tapes back to the townships. When the plaintiff requested a copy of the tapes pursuant to FOIA, both townships argued essentially that the tapes were not subject to release under FOIA because the townships did not possess the tapes. The trial court granted summary disposition to the defendants, finding that the tapes "were not 'records' as defined by FOIA because defendants did not create or possess the tapes." *Id*.

On appeal, this Court determined that the magnetic computer tapes were public records because defendants used them to perform the official function of preparing tax notices for property owners. *Id*. at 129. Distinguishing the case from *Hoffman*, the Court observed that the attorney in *Hoffman* created and retained information and reported only his opinion of the results of his investigation to the school board, not the information actually obtained during his investigation. In *MacKenzie*, however, the townships had access to the information from which the computer tapes were created, had provided that information to the third party so it could create the tapes at issue, used the tapes to send tax notifications to their property owners, and maintained a measure of control over the tapes. *Id*. at 130-131. Thus, although in both *Hoffman* and *MacKenzie*, the alleged public records were not in the possession of the relevant public bodies, the determining factor was not the location of the records at issue, but whether they were "prepared, owned, used, or retained" by the public bodies in the performance of an official function. In *Hoffman* they were not, but in *MacKenzie* they were.

Plaintiff relies on a number of cases from foreign jurisdictions to contend that records prepared on behalf of a public body and held remotely are public records subject to FOIA requests. See *In re Jajuga Estate*, 312 Mich App 706, 723 n 7; 881 NW2d 487 (2015) (noting, "[c]ases from other jurisdictions, although not binding, may be persuasive"). Having reviewed these cases, we do not find them applicable to the case at bar.

Plaintiff first relies on *Nissen v Pierce Co*, 183 Wash 2d 863, ¶ 17; 357 P3d 45 (2015). However, *Nissen* is inapplicable because it addresses whether work product prepared by an agency employee is necessarily a record of a state or local agency subject to disclosure under Washington law. The city attorney in the case at bar is not employed by defendant, and defendant is not a state agency. Plaintiff also relies on *Knightstown Banner, LLC v Town of Knightstown*, 838 NE2d 1127 (Ind App, 2005), and *State ex rel Findlay Publishing Co v Hancock Co Bd of Comm'rs*, 80 Ohio St 3d 134; 684 NE2d 1222 (1997), to argue that a public body's documents filed in an attorney's law office are public records subject to disclosure. But, these cases are distinguishable from the case at bar because the documents involved in *Knightstown Banner* and *State ex re Findlay Publishing* were settlement agreements drafted, adopted, and used by the public bodies to obtain release from liability during the course of their respective attorneys' representation. *Knightstown Banner, LLC*, 838 NE2d at 1133; *State ex re Findlay Publishing Co*, 80 Ohio St 3d at 137. As the trial court noted in the instant case, there is no evidence that defendant used the letters prepared by its city attorney. Plaintiff's reliance on *Forum Publishing Co v City of Fargo*, 391 NW2d 169 (ND, 1986), is misplaced because the breadth of North Dakota's statute guaranteeing public access to records far exceeds that of Michigan. Under North Dakota law, *all* records of a public body are public records, without

regard to whether the public body prepared, owned, used, possessed, or retained them in the performance of an official function.[3] This is not the law in Michigan.

Finally, *Creative Restaurants, Inc v Memphis*, 795 SW2d 672 (Tenn App, 2014), addresses whether subleases of real property owned by the city in its Beale Street Historic District and held in the office of the city's part-time attorney were public records. *Creative Restaurants, Inc*, 795 SW2d at 673-674. The city had leased the property to the Beale Street Development Corporation, which sublet it to a private concern that changed its name to Beale Street Management, which, in turn, sublet properties to tenants. The subleases benefitted the city's development of the property and listed the city as landlord as long as it was not in default. *Id*. Under these circumstances, and considering that the city had "financial, cultural, historical and political interests" in the property, the court held that the subleases qualified as public records under Tennessee's Open Records Act. *Id*. at 678. The court determined that the city's integral involvement in the Beale Street property and in the subleasing scheme is what made the subleases public records. In the present case, plaintiff presented no evidence that defendant is similarly involved in the two properties that are the subject of the disputed correspondence.

Plaintiff's foreign cases support her proposition that public records held remotely are subject to disclosure under FOIA. But they are not instructive on the issue of whether records prepared, used, and obtained by a city attorney during the course of negotiating issues relevant to the city's environmental concerns but not submitted to the city, and with no evidence of the city having acted on them, are public records under MCL 15.232(e). All of the relevant foreign cases involve records that the public bodies had somehow used in the performance of an official function, regardless of whether the public body ultimately possessed the records. Likewise, the plain language of the relevant statutes defining public record and public body, as well as relevant Michigan caselaw, do not support plaintiff's contention that the city attorney's possession and use of records in his role as city attorney is tantamount to the public body's use and possession of the records in the performance of an official function. Plaintiff's argument, though appealing, is ultimately unsuccessful because it represents an expansion of the definition of "public body" and of "public record" that is unsupported by Michigan law. For these reasons, we affirm the trial court's grant of summary disposition to defendant on plaintiff's FOIA claims. Given our disposition of this issue, we need not address plaintiff's argument regarding the inapplicability of the exceptions to disclosure provided in MCL 15.243.

---

[3] NDCC 44-04-18(1) provides:

> Except as otherwise specifically provided by law, all records of public or governmental bodies, boards, bureaus, commissions or agencies of the state or any political subdivision of the state, or organizations or agencies supported in whole or in part by public funds, or expending public funds, shall be public records, open and accessible for inspection during reasonable office hours.

## B. MOTIVE AND INTENDED USE

Plaintiff argues that the trial court abused its discretion by denying her motion to exclude evidence of her motive and intended use of the requested records. We agree, but conclude that the error is harmless.

The seminal case addressing the relevance of a party's intended use of documents requested under FOIA is *Taylor v Lansing Bd of Water and Light*, 272 Mich App 200 (2006). At issue in *Taylor* was whether MCL 15.243(1)(v) exempted records requested from the Lansing Board of Water and Light ("BWL") by the plaintiff on behalf of her best friend, Virginia Cluley, who was involved in litigation against the BWL. The plaintiff filed a FOIA request for records that were relevant to Cluley's case against the BWL, but were unavailable to Cluley pursuant to MCL 15.243(1)(v).[4] See *Taylor*, 272 Mich App at 202. The defendant denied the request, claiming exemption under MCL 15.243(1)(v) and arguing that plaintiff was acting as Cluley's agent to obtain documents to assist her in her case against the BWL. *Id*. The trial court disagreed, denied the defendant's motion for summary disposition, and ordered the defendant to produce the requested documents. Defendant appealed.

On appeal, this Court noted that "exemptions must be narrowly construed, and the party seeking to invoke an exemption must prove that nondisclosure is in accord with the intent of the Legislature. *Id*. at 205. The public body asserting the exemption in MCL 15.243(1)(v) has the burden to prove that it is a party to a civil action involving the requesting party." *Id*. Otherwise, "the public body is afforded no exemption from disclosure based solely on the status of one of the parties as litigants." *Id*. "[I]nitial as well as future uses of information requested under FOIA are irrelevant in determining whether the information falls within the exemption." *Id*. Because the plaintiff was not a party to the Cluley lawsuit with the BWL, MCL 15.243(1)(v) did not operate to exempt her request for documents related to the lawsuit. See also *Rataj v City of Romulus*, 306 Mich App 735, 752-753; 858 NW2d 116 (2014) (whether the attorney seeking disclosure of records sought to obtain evidence for another lawsuit was irrelevant); *Clerical-Technical Union of Michigan State Univ v Bd of Trustees of Michigan State Univ*, 190 Mich App 300, 303; 475 NW2d 373 (1991) (deeming irrelevant "[t]he initial as well as the future use of the requested information").

Although the trial court erred in denying plaintiff's motion in limine, the error was harmless with regard to the court's ultimate decision on plaintiff's FOIA claim. "An error in the admission or the exclusion of evidence, [or] an error in a ruling . . . is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice." MCR 2.613(A). The trial court's ruling that the records at issue are not public records subject to disclosure under FOIA,

---

[4] MCL 15.243(1)(v) provides that "[a] public body may exempt from disclosure as a public record . . . [r]ecords or information relating to a civil action in which the requesting party and the public body are parties."

and this Court's affirmation of that ruling, renders harmless the trial court's denial of plaintiff's motion in limine.[5]

Affirmed.

/s/ Jane M. Beckering
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

---

[5] Although plaintiff's claim that the trial court erred in not granting her motion in limine is effectively a moot point given our conclusion that the records sought are not public records under FOIA, plaintiff contends that this issue is relevant to defendant's motion for fees, which the trial court took under advisement pending our decision on appeal.