*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JONES DAY,

Plaintiff-Appellant,

v

DEPARTMENT OF ENVIRONMENT, GREAT
LAKES, AND ENERGY,

Defendant-Appellee.

UNPUBLISHED
April 21, 2022

No. 358689
Court of Claims
LC No. 21-000123-MZ

Before: LETICA, P.J., and REDFORD and RICK, JJ.

PER CURIAM.

In this dispute involving an exemption to the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., plaintiff appeals as of right the Court of Claims order granting defendant's motion for summary disposition and denying plaintiff's motion for summary disposition. We reverse and remand for entry of an order granting plaintiff's motion for summary disposition and denying defendant's motion for summary disposition.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In January 2020, Michigan Attorney General, Dana Nessel, and the State of Michigan filed a lawsuit in Washtenaw Circuit Court against chemical companies alleging that they improperly released toxic synthetic chemicals called per – and polyfluoroalkyl substances (collectively PFAS) and that the PFAS had entered into 10% of our state's public water supplies. Daikin Industries, Ltd (Daikin), is a named defendant in that litigation. This complaint brought by Attorney General Nessel delineated the state's efforts to determine the presence of PFAS in drinking water sources by creating a PFAS response team known as the Michigan PFAS Action Response Team (MPART). MPART was designated as an advisory body within the State Department of Environmental Quality, now known as the Department of Environment, Great Lakes and Energy (EGLE).

This state action was transferred to federal court and combined with similar cases from other jurisdictions. Plaintiff, a law firm, represents Daikin in the combined federal litigation. The

-1-

federal court entered a case management order or fact sheet that precluded participation in discovery.

Thereafter, plaintiff filed a state FOIA request with EGLE seeking a wide-range of documentation pertaining to MPART documents addressing PFAS. EGLE denied the request by letter, citing MCL 15.243(1)(v) which exempts from disclosure information pertaining "to a civil action in which the requesting party and the public body are parties." Unable to obtain the documentation from EGLE, plaintiff filed the underlying FOIA complaint in the Court of Claims. Both parties moved for summary disposition. The Court of Claims granted summary disposition in favor of defendant EGLE, concluding that the caselaw cited by plaintiff was distinguishable, the exemption applied to parties or their agents, the requested information would be exempt if the federal FOIA was applied, and EGLE constituted a party for purposes of the exemption. From this ruling, plaintiff appeals.

## II. STANDARDS OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Summary disposition is appropriate when the opposing party has failed to state a claim on which relief can be granted. MCR 2.116(C)(8). In a motion brought under MCR 2.116(C)(8), the legal sufficiency of the complaint is tested solely on the basis of the pleadings. *Nyman v Thomas Reuters Holdings, Inc*, 329 Mich App 539, 543; 942 NW2d 696 (2019). A motion premised on subrule (C)(8) should only be granted when the claim is so clearly unenforceable as a matter of law that no factual development could conceivably justify a right of recovery. *Id*.

Summary disposition is appropriate under MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(4), (G)(5); *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021).

An issue of statutory interpretation presents a question of law that the appellate court reviews de novo. *Buhl*, 507 Mich at 242. When interpreting a statute, the primary goal is to give effect to the Legislature's intent. *Ricks v State of Mich*, 507 Mich 387, 397; 968 NW2d 428 (2021). The most reliable evidence of legislative intent is the plain language of the statute. *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute. *Gardner v Dep't of Treasury*, 498 Mich 1, 6; 869 NW2d 199 (2015). "In construing a legislative enactment we are not at liberty to choose a construction that implements any rational purpose but, rather, must choose the construction which implements the legislative purpose perceived from the language and the context in which it is used." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495-496; 948 NW2d 452 (2019) (citation omitted).

Once the intention of the Legislature is discovered, this intent prevails regardless of any conflicting rule of statutory construction. Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there. The omission of a provision should be construed as intentional. It is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws. The Legislature is presumed to act with knowledge of judicial statutory interpretations. When statutory provisions are construed by the court and the Legislature reenacts the statute, it is assumed that the Legislature acquiesced to the judicial interpretation. Similarly, when a judicial decision is released and the Legislature acts to change the language of the statute, it is strong evidence of the disapproval of the judicial interpretation. Every word of a statute should be given meaning and no words should be treated as surplusage or rendered nugatory if at all possible. [*GMAC LLC v Dep't of Treasury*, 286 Mich App 365, 372-373; 781 NW2d 310 (2009) (quotations and citations omitted).]

"[I]t is the province of the Legislature to acquiesce in the judicial interpretation of a statute or to amend the legislation to obviate a judicial interpretation." *Id*. at 380.

### III. FOIA

"This Court reviews de novo whether the trial court properly interpreted and applied the FOIA." *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019). The trial court's factual findings underlying its application of the FOIA are reviewed for clear error. *Id*. "A finding is clearly erroneous if, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake was made." *Id*. Whether a public record is exempt from disclosure under FOIA is also reviewed de novo. *Id*. at 625.

The Legislature codified the FOIA to facilitate disclosure to the public of public records held by public bodies. To that end, the FOIA must be broadly interpreted to allow public access to the records held by public bodies. Relatedly, the statutory exemptions must be narrowly construed to serve the policy of open access to public records.

A public body may claim a partial or total exemption from disclosure for the reasons listed in MCL 15.243 . . . . The burden of proving that an exemption applies rests with the public body asserting the exemption. [*Id*. (quotation marks and citations omitted).]

Michigan's FOIA is modeled after the federal FOIA. *Bradley v Saranac Community Sch Bd of Ed*, 455 Mich 285, 299; 565 NW2d 650 (1997), mod on other grounds *Mich Fed of Teachers v Univ of Mich*, 481 Mich 657; 753 NW2d 28 (2008). However, specific language from the federal version pertaining to exemptions was not adopted, and therefore, we must examine what our Legislature intended in Michigan's FOIA where the language is not identical. See *id*.

Because Michigan's FOIA is a prodisclosure act, full disclosure of all public records should occur unless they are clearly exempt. *Coblentz v City of Novi*, 475 Mich 558, 572-573; 719 NW2d 73 (2006). "A FOIA request must be fulfilled unless MCL 15.243 lists an applicable specific exemption." *Id*. at 573. Generally, the identity of the party seeking the disclosure, the party's motive, and the initial and future uses of the information requested under FOIA are irrelevant to determine whether the information falls within an exemption. *Rataj v City of Romulus*, 306 Mich App 735, 752; 858 NW2d 116 (2014). "The fact that another body of law potentially gives an additional basis for access to such [public] records does not limit the applicability of the FOIA[.]" *Kent Co Deputy Sheriffs' Ass'n v Kent Co Sheriff*, 463 Mich 353, 362; 616 NW2d 677 (2000).

In the present case, defendant asserted that the information requested by plaintiff was exempt as "[r]ecords or information relating to a civil action in which the requesting party and the public body are parties." MCL 15.243(1)(v). We determine that *Taylor v Lansing Bd of Water & Light*, 272 Mich App 200; 725 NW2d 84 (2006), controls this litigation and the conclusion that the exemption does not apply. In *Taylor*, the plaintiff, Joni Taylor, filed an action seeking an order to compel the defendant, a public body, to produce documents she requested under the FOIA pertaining to Virginia Cluley's personnel files, e-mails, correspondence, and expense information. The defendant had denied the request relying on the exemption pertaining to records or information relating to a civil action between the same parties, MCL 15.243(1)(v). After the litigation was filed, the defendant moved for summary disposition, contending it was apparent that the purpose of the document request was for use in the civil litigation between Cluley and the defendant and that the plaintiff was acting as an agent for and on behalf of Cluley in requesting the documents. Specifically, the defendant submitted that the plaintiff, as Cluley's best friend, learned about Cluley's litigation with the defendant, and with the aid of Cluley's civil attorney, filed the FOIA litigation in an attempt to circumvent the discovery rules in the civil case. The trial court disagreed and denied the defense motion for summary disposition, but deemed some personnel records not subject to disclosure. *Id*. at 202-203.

On appeal, the defendant claimed that the requested documents were in fact exempt from disclosure under MCL 15.243(1)(v). This Court delineated the rules governing review of the FOIA and examined the plain language of the statute to conclude that there was no ground to exempt the requested records:

> The exemptions must be narrowly construed and the party seeking to invoke the exemption must prove that nondisclosure is in accord with the intent of the Legislature. If a request for information held by a public body falls within an exemption, the decision to release the information becomes discretionary . . . .

> Case law is clear that initial as well as future uses of information requested under the [FOIA] are irrelevant to determining whether the information falls within an exemption, as is the identity of the person seeking the information. Thus, the public body asserting the exemption in MCL 15.243(1)(v) must prove that it is a party to a civil action with the requesting party. Otherwise, . . . the public body is afforded no exemption from disclosure based solely on the status of one of the parties as litigants.

-4-

The plain reading of MCL 15.243(1)(v) would require a conclusion that the trial court correctly ruled the requested documents were non-exempt. The plain language of the exemption cited by [the] defendant applies only to information relating to a civil action in which <u>both</u> the *requesting party* and the *public body* are parties. "Party" is not defined in the statute itself, but is defined in Black's Law Dictionary (6th ed.), p 775 as "[t]hose by or against whom a legal suit is brought . . . ." [The p]laintiff in this matter is the admitted best friend of Ms. Cluley, a party involved in a lawsuit against [the] defendant. However, there is no dispute [the] plaintiff was not and is not a party to the Cluley action. MCL 15.243(1)(v) thus serves as no basis for exempting the records requested by [the] plaintiff. [*Id*. at 204-206 (citations omitted).]

The *Taylor* Court acknowledged the plaintiff admitted that she was acting as Cluley's friend when she requested the documents, the attorney who prepared the plaintiff's FOIA request acted as Cluley's counsel in the civil litigation with the defendant, and Cluley was present for at least one discussion about the FOIA request. More troubling, the plaintiff testified "to a lack of knowledge or memory as to why she requested specific documents." Accordingly, this Court's "literal application of the statute, then, would allow a party to obtain information by proxy that he or she would otherwise not be entitled to receive through the FOIA, thereby easily avoiding the exemption." *Id*. at 206-207. This Court determined that it was confined to apply the unambiguous statute, without regard to the result, because of the Legislature's plain language:

In our view, there is no ambiguity in the statute that would require judicial construction. As FOIA exemptions are to be narrowly construed and the term "party" has a distinct and precise legal definition, the Legislature is presumed to have intended the meaning it plainly expressed. Absent an ambiguity in the statute, we must forgo judicial construction and an examination of legislative history.

While [the] defendant may disagree with the restrictive language of the exemption at issue and the result of its application, our [L]egislature has elected to make it so. And however distasteful the result in this case may be to this Court, it does not give us license to avoid applying the unambiguous language of the statute. We thus affirm the trial court's order that the documents are non-exempt from disclosure under FOIA. [*Id*. at 207-208 (citations omitted).]

Similarly, in *Central Mich Univ Supervisory-Technical Ass'n MEA/NEA v Central Mich Univ Bd of Trustees*, 223 Mich App 727, 728; 567 NW2d 696 (1997), the plaintiff filed suit against the defendants. The next day, the plaintiff made a FOIA request. The defendants denied the request because of the pending litigation and claimed that the plaintiff had to follow the discovery rules, MCR 2.300 *et seq*., to obtain the requested information. The prior suit was voluntarily dismissed. Consequently, the plaintiff brought the instant claim, contending that the defendants improperly denied the FOIA request. The defendants did not challenge the plaintiff's right to the information, only the proper procedure to acquire it. The trial court granted the defendants' motion for summary disposition. This Court reversed, stating:

The issue here is not whether [the] plaintiff had a substantive right to the information sought, but whether plaintiff could seek the information through the

[FOIA] in light of the fact that it had filed suit . . . . [W]e do not detect a conflict between the court rules and the FOIA. The FOIA is not a statutory rule of practice, but rather a mechanism for the public to gain access to information from public bodies regardless of whether there is a case, controversy or pending litigation. The fact that discovery is available as a result of pending litigation between the parties does not exempt a public body from complying with the public records law. We refuse to read into the FOIA the restriction that, once litigation commences, *a party forfeits the right available to all other members of the public* and is confined to discovery available in accordance with court rule. [*Id*. at 729-730 (emphasis added).]

The Legislature added the current language of MCL 15.243(1)(v) while *Central Michigan* was pending. 1996 PA 553. And the inequity of the plain language expressed in MCL 15.243(1)(v) was delineated in the *Taylor* decision. Specifically, although Cluley was involved in civil litigation with the defendant, Taylor, Cluley's best friend, filed a FOIA action against the same defendant to obtain documentation that presumably would have been sought in discovery in the civil case. Thus, this literal interpretation of the statute allowed Cluley, a party to civil litigation, to obtain "by proxy" information that she otherwise was not entitled to receive through the FOIA in light of MCL 15.243(1)(v). Although this Court expressed its distaste for the result in applying the plain language, the Legislature did not amend MCL 15.243(1)(v) to state that the exemption applied to parties to litigation as well as their agents. As noted, "it is the province of the Legislature to acquiesce in the judicial interpretation of a statute or to amend the legislation to obviate a judicial interpretation." *GMAC LLC*, 286 Mich App at 380. The Legislature is presumed to act with knowledge of judicial decisions. *Id*. at 372-372. The *Taylor* decision was approved for publication on August 29, 2006. The Legislature amended MCL 15.243 in 2006, 2018, and 2021,[1] but failed to alter the statutory language to prevent a party's use of an agent or surrogate to obtain documents through FOIA when a party is involved in pending litigation with a public body.

We decline to conclude that *Taylor* is distinguishable from the facts at hand. In *Taylor*, the plaintiff filed the FOIA action essentially on behalf of her best friend Cluley, who was involved in litigation with the public body. Similarly, in this case, plaintiff represents Daikin in litigation with the State of Michigan pending in federal court. Regardless of plaintiff's motive for filing this FOIA action, the exemption of MCL 15.243(1)(v) does not apply. The exemption must be narrowly construed, and the Legislature's plainly expressed language must be respected. We cannot rewrite the statute to include the phrase "parties or their agents" or even "their privies." Further, the *Taylor* Court noted that the Legislature did not define the term "party" in MCL 15.243(1)(v), and therefore, resorted to a dictionary definition to discern the legislative intent. Thus, this Court concluded that the term "party" meant "[t]hose by or against whom a legal suit is brought . . . ." Again, the Legislature did not act to obviate the *Taylor* decision and prevent FOIA actions from being filed by best friends, counsels of record, or associates despite this Court's

---

[1] MCL 15.243 was amended by 2006 PA 482, effective December 22, 2006, 2018 PA 68, effective June 17, 2018, and 2021 PA 33, effective June 24, 2021.

-6-

recognition that a "distasteful" result occurs without such a restriction of the term "party." Accordingly, the Court of Claims[2] erred in extending the term "party" to include plaintiff, counsel for a party in the underlying litigation.

Reversed and remanded for entry of an order granting plaintiff's motion for summary disposition and denying defendant's motion for summary disposition. We do not retain jurisdiction. No taxable costs, a public question being involved.

/s/ Anica Letica
/s/ James Robert Redford
/s/ Michelle M. Rick

---

[2] The Court of Claims also applied the language of an exemption found in the federal FOIA to determine that the state exemption applied. However, the Court of Claims noted that the language of the federal exemption, 5 USC 552, was not found in Michigan's FOIA. Indeed, specific language pertaining to agency is not found in Michigan's FOIA, and therefore, application of the federal FOIA is inappropriate because we must apply what our Legislature intended. *Bradley*, 455 Mich at 299. In light of our holding, we need not address whether EGLE is a party for purposes of MCL 15.243(1)(v). Finally, if, as the Court of Claims stated, "mischief" is involved, we presume that the federal court in the civil action will address it.