CAPITOL INFORMATION ASSOCIATION v ANN ARBOR POLICE
DEPARTMENT

Docket No. 74738. Submitted July 17, 1984, at Lansing.—Decided
November 6, 1984.

Plaintiff, Capitol Information Association, made a request to
defendants, the Ann Arbor Police Department and the Ann
Arbor Police Chief, pursuant to the Freedom of Information
Act seeking a copy of all correspondence with all federal law
enforcement or investigative agencies that pertain to persons
living in Ann Arbor covering the time period from January 1,
1983, through the present. The defendants responded that the
request was not specific enough to identify the material being
sought. Plaintiff thereafter brought an action pursuant to the
act in the Washtenaw Circuit Court seeking to compel disclo-
sure of the records sought and an award of punitive damages.
The trial court, Patrick J. Conlin, Jr., granted a summary
judgment for the defendants based on a failure to state a claim
on which relief could be granted. Plaintiff appeals. *Held:*

Plaintiff's request here was absurdly overbroad. Plaintiff had
to request specific identifiable records and failed to do so.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM
— COURT RULES.

A motion for summary judgment based on a failure to state a
claim on which relief could be granted should not be granted
unless, accepting as true all well-pled allegations in the plain-
tiff's complaint, the plaintiff's claim is so clearly unenforceable
as a matter of law that no factual development could possibly
justify recovery (GCR 1963, 117.1[1]).

2. ACTIONS — FREEDOM OF INFORMATION ACT — REQUESTS FOR DISCLO-
SURE.

The failure of a public body to respond to a request for disclosure

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
[2-4] 66 Am Jur 2d, Records and Recording Laws § 12 *et seq.*
[3, 4] 66 Am Jur 2d, Records and Recording Laws § 31.
What are "records" of agency which must be made available under
state freedom of information act. 27 ALR4th 680.

pursuant to the Freedom of Information Act constitutes a denial of such request by the public body (MCL 15.235, subds [2] and [3]; MSA 4.1801[5], subds [2] and [3]).

3. ACTIONS — FREEDOM OF INFORMATION ACT — REQUESTS FOR DISCLO-
SURE.

A request for disclosure pursuant to the Freedom of Information Act must describe the requested record sufficiently to enable the public body to find it; the legislative intent is to relieve public bodies from the intolerable administrative burdens which would result if wholesale requests had to be fulfilled (MCL 15.233[1]; MSA 4.1801[3][1]).

4. ACTIONS — FREEDOM OF INFORMATION ACT — REQUESTS FOR DISCLO-
SURE.

The sole issue for trial is whether or not the requested records were sufficiently described where a party files a suit pursuant to the Freedom of Information Act following a public body's denial of a request for records on the ground that the description of the records sought is insufficient to enable the public body to find the records (MCL 15.233[1]; MSA 4.1801[3][1]).

*David H. Raaflaub,* for plaintiff.

*Stefani A. Carter,* Assistant City Attorney, for defendants.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and C. W. SIMON,* JJ.

C. W. SIMON, J. This was an action pursuant to the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* to compel disclosure of records and to obtain punitive damages. The circuit court granted summary judgment for defendants pursuant to GCR 1963, 117.1(1), holding that plaintiff had failed to state a claim on which relief could be granted. Plaintiff appeals as of right.

A motion for summary judgment pursuant to GCR 1963, 117.2(1) should not be granted unless, accepting as true all well-pled allegations in the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff's complaint, the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. See, for example, *Koenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979). Plaintiff's complaint here incorporates by reference its request for disclosure and defendants' response. Plaintiff's request was as follows:

"I hereby demand that you provide me with a copy of all correspondence with all federal law enforcement/investigative agencies specifically including but not limited to the: Federal Bureau of Investigation, National Security Agency, Central Intelligence Agency, United States Secret Service, United States Department of Justice, United States Department of State, Federal Marshal, Military Intelligence Agency, Internal Revenue Service, Defense Investigative Services, United States Postal Service that pertain to persons living in Ann Arbor, Michigan. This request shall cover the time period of January 1, 1983 through the present."

Defendants' response was as follows:

"In response to your request under the Freedom of Information Act, please be advised that the Ann Arbor Police Department has no compiled record of 'all correspondence with all federal law enforcement/investigative agencies * * * that pertain to persons living in Ann Arbor, Michigan.'

"Further, your request does not sufficiently describe the information requested so as to enable the Department to identify the material that is being sought.

"Upon receipt of further information which would allow identification and location of the materials, we would be happy to again review your request.

"Please note that this is not a formal determination to deny your request."

Because defendants failed to formally grant or deny the request within the period specified in

MCL 15.235(2); MSA 4.1801(5)(2), defendants' response must be treated as a denial. MCL 15.235(3); MSA 4.1801(5)(3); *Pennington v Washtenaw County Sheriff,* 125 Mich App 556, 564; 336 NW2d 828 (1983).

A request for disclosure pursuant to the act must describe the requested record sufficiently to enable the public body to find it. MCL 15.233(1); MSA 4.1801(3)(1). In *Cashel v Smith,* 117 Mich App 405, 412; 324 NW2d 336 (1982), the Court explained:

"When a request for records is denied by a public body on the ground that the description is insufficient tc enable the public body to find the record, the person requesting the recod has two options. She may either revise her description or file suit. If she chooses to file suit, *the sole issue for trial is whether or not the record was sufficiently described."* (Emphasis added.)

Plaintiff's request here was absurdly overbroad. Compliance would require defendants to search their file for correspondence with a wide spectrum of federal agencies dealing with any of more than 100,000 persons during an extensive period of time. The Legislature clearly intended MCL 15.233(1); MSA 4.1801(3)(1) to relieve public bodies from the intolerable administrative burdens which would result if such wholesale requests had to be fulfilled. Plaintiff had to request specific identifiable records; it failed to do so here.

Federal cases dealing with the analogous federal statute are highly persuasive in construing Michigan's Freedom of Information Act. See, for example, *Evening News Ass'n v Troy,* 417 Mich 481, 495; 339 NW2d 421 (1983). Federal cases holding analogous requests to be insufficient include *Irons v Schuyler,* 151 US App DC 23; 465 F2d 608 (1971),

*Mason v Callaway,* 554 F2d 129 (CA 4, 1977), *Marks v United States,* 578 F2d 261 (CA 9, 1978), and *Ferri v United States Dep't of Justice,* 573 F Supp 852 (WD Pa, 1983).

Affirmed. Costs to defendants.