*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRIAN METCALF,

Plaintiff-Appellant/Cross-Appellee,

v

GRAND LEDGE PUBLIC SCHOOLS, DENISE
DUFORT, JARROD SMITH, JOHN SHIFLETT,
SARA CLARK PIERSON, KIM MULVENNA,
PATRICK MCKENNON, and BEN CWAYNA,

Defendants-Appellees/Cross-
Appellants.

UNPUBLISHED
February 24, 2022

No. 358259
Eaton Circuit Court
LC No. 20-000777-CZ

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

In this case brought under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff-appellant/cross-appellee, Brian Metcalf, appeals as of right the trial court's order granting in part summary disposition in favor of defendants-appellees/cross-appellants, Grand Ledge Public Schools (the district), Denise DuFort, Jarrod Smith, John Shiflett, Sara Clark Pierson, Kim Mulvenna, Patrick McKennon, and Ben Cwayna (collectively, excluding the district, board members). Defendants cross-appeal as of right the same order. We affirm in part, reverse in part, vacate in part, and remand to the trial court for further proceedings.

## I. BACKGROUND

The following facts, which are taken from the trial court's opinion and order regarding defendants' motion for summary disposition, are uncontested:

> On May 30, 2020, Plaintiff Brian Metcalf, then-Superintendent of Defendant Grand Ledge Public Schools, made a post on Facebook regarding the circumstances surrounding George Floyd's death. Plaintiff's post was not well-received by some members of the Grand Ledge community. Tensions escalated in the days following Plaintiff's post. Ultimately, Defendants DuFort, Smith, Shiflett, Pierson, Mulvenna, McKennon, and Cwayna, in their capacity as members of the

-1-

Grand Ledge Public Schools Board of Education [(board)], brought tenure charges against Plaintiff related to the posting and to Plaintiff's behavior in its aftermath. At the conclusion of a disciplinary hearing on September 21, 2020, Defendants resolved to terminate Plaintiff. Plaintiff's termination is presently the subject of arbitration proceedings. . . .

The case at bar stems from Defendants' handling of multiple [FOIA] . . . requests made by Plaintiff in preparation for his disciplinary hearing. Between June 8, 2020 and October 29, 2020, Plaintiff sent a total of forty (40) individual FOIA requests to Defendants. The present litigation involves sixteen (16) of those requests, which can be subdivided into three sets: (1) the June 19, 2020 Set; (2) the August 25, 2020 Set; and (3) the October 29, 2020 Set.

## A. FOIA REQUESTS

On June 19, 2020, plaintiff submitted seven electronic FOIA requests to the district, requesting the same information for each board member. On June 29, 2020, Dr. Steven Gabriel, the district's FOIA coordinator, stated that the district received the seven requests on June 22, 2020, and requested a 10-day extension under MCL 15.235(2)(d). On July 14, 2020, the district granted in part and denied in part plaintiff's requests. For each request, the district informed plaintiff of the estimated cost of providing the information, that it would "begin compiling records responsive to your request" upon payment of a 50% deposit, and that it estimated the records would be "available within 30 days of receipt of your deposit." The district received the deposits on August 3, 2020. On September 3, 2020, Dr. Gabriel informed plaintiff that he was entitled to a refund for some of the requests because the actual costs to fulfill the requests were lower than previously estimated. For the other requests, Dr. Gabriel stated that the district would release the responsive records upon payment of the balance of the actual costs to fulfill the requests. The district does not claim that plaintiff did not pay the balance.

On August 25, 2020, plaintiff submitted eight electronic FOIA requests to the district. On September 2, 2020, Dr. Gabriel stated that the district received the eight requests on August 26, 2020, and requested a 10-day extension under MCL 15.235(2)(d). On September 17, 2020, the district granted plaintiff's first request. The district granted in part and denied in part plaintiff's second, third, fourth, fifth, and seventh requests. The district denied plaintiff's sixth request. With respect to plaintiff's eighth request, which contained four items, Dr. Gabriel stated, "Your remaining requests are granted in part and denied in part." Dr. Gabriel informed plaintiff of the estimated cost of providing the information, that the district would "begin compiling records responsive to your request" upon payment of a 50% deposit, and that it estimated the records would be "available within 35 days of receipt of your deposit." The district received plaintiff's deposit on September 28, 2020. On November 2, 2020, Dr. Gabriel stated, "Your requests are granted in part and denied in part." Dr. Gabriel informed plaintiff that the district would release the responsive records upon payment of the balance of the actual cost to fulfill the request. The district does not claim that plaintiff did not pay the balance.

On October 29, 2020, plaintiff apparently submitted an electronic FOIA request to the district requesting " '[a]ny records, notes, or other documents related to any and all written

reprimands of [JP].' "[1]   According to DuFort, on November 23, 2020, "following a properly-asserted 10-day extension," the district denied plaintiff's request, that on December 1, 2020, plaintiff appealed the denial, and that the district upheld the denial.

## B. PROCEDURAL HISTORY

In February 2021, plaintiff filed a second amended complaint against defendants, alleging, in relevant part, that defendants violated FOIA by requiring him to pay the remaining balance of the actual costs before producing the records sought in the June 2020 set of FOIA requests and the eighth request of the August 2020 set of FOIA requests. Plaintiff alleged that defendants violated FOIA by not timely producing responsive records to the June 2020 and August 2020 requests. Plaintiff alleged that there were outstanding records that defendants had not produced. Plaintiff also argued that he was entitled to attorney fees and costs.

Defendants sought summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). First, defendants argued that the district provided plaintiff with an estimated time frame of when the records for the June 2020 set and the eighth request for the August 2020 set would be available and that even though the time frame was nonbinding, the district met the estimates. Therefore, defendants argued that plaintiff failed to state a claim on which relief may be granted. Next, defendants argued that they were permitted to require plaintiff to pay the full amount of costs to fulfill the requests before producing the responsive records. Defendants argued that plaintiff's lawsuit was moot because the district produced the responsive records that were not exempt under FOIA. Defendants argued that the trial court should deny plaintiff's request to compel disclosure of the alleged unproduced records on the basis that they were not required to produce the records. Finally, defendants argued that plaintiff was not entitled to attorney fees and costs on the basis that defendants did not violate FOIA and plaintiff did not need to file suit to compel disclosure of the responsive documents because they were available upon final payment of the remaining costs.

The trial court granted in part defendants' motion for summary disposition. The trial court stated that plaintiff did not proffer any convincing caselaw regarding the "reasonable length of Defendants' timeframe estimate" and concluded that defendants met their estimates. The trial court denied plaintiff's request to compel disclosure of the alleged unproduced records. The trial court concluded that defendants violated FOIA by requiring plaintiff to pay the full costs of production before disclosing the responsive records to the June 2020 set and the eighth request for the August 2020 set. However, the trial court concluded that plaintiff was not entitled to attorney fees and costs because defendants thought they could legally require full payment, plaintiff's filing of the complaint did not "prompt[] [d]efendants to disclose the public records requested," and upon receiving the balance, defendants provided the requested records. For these reasons, the trial court granted in part defendants' motion for summary disposition under MCR 2.116(C)(10). Plaintiff filed a motion for reconsideration and/or rehearing, which the trial court denied. This appeal followed.

---

[1] The actual request is not in the lower court record.

II. ANALYSIS

The parties' arguments can be separated into the following categories: (1) sufficiency of the response to the eighth request of the August 2020 set of FOIA requests, (2) the deposits, (3) allegedly unproduced documents, and (4) attorney fees. For the reasons set forth below, we affirm in part, reverse in part, vacate in part, and remand to the trial court for further proceedings.[2]

"This Court reviews a trial court's ruling on a motion for summary disposition de novo." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018). "The proper interpretation of the FOIA is a question of law that is subject to review de novo." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 406; 872 NW2d 223 (2015).

Summary disposition under MCR 2.116(C)(10) is appropriate if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." In reviewing the motion, this Court considers the "pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Further, MCR 2.116(G)(4) states:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Under FOIA, "all persons . . . are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process." MCL 15.231(2). "As a result, except under certain specifically delineated exceptions, see MCL 15.243, a person who 'provid[es] a public body's

---

[2] Defendants argue that this case is moot because the district produced all nonexempt documents. We disagree. It is true that "release of the requested public record by the public body would render the FOIA appeal moot because there would no longer be a controversy requiring judicial resolution." *State News v Mich State Univ*, 481 Mich 692, 704 n 25; 753 NW2d 20 (2008). Here, despite defendants' contention otherwise, the crux of the dispute is whether the district actually has, in fact, produced all nonexempt documents. In addition, there is still an outstanding disagreement about whether plaintiff is entitled to attorney fees and costs under FOIA. Thus, this case is not moot.

FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record' is entitled 'to inspect, copy, or receive copies of the requested public record of the public body.' " *Amberg v Dearborn*, 497 Mich 28, 30; 859 NW2d 674 (2014), quoting MCL 15.233(1) (alteration in original).

MCL 15.235(2) provides:

Unless otherwise agreed to in writing by the person making the request, a public body shall, subject to subsection (10), respond to a request for a public record within 5 business days after the public body receives the request by doing 1 of the following:

(a) Granting the request.

(b) Issuing a written notice to the requesting person denying the request.

(c) Granting the request in part and issuing a written notice to the requesting person denying the request in part.

(d) Issuing a notice extending for not more than 10 business days the period during which the public body shall respond to the request. A public body shall not issue more than 1 notice of extension for a particular request.

"A public body's failure to timely respond to a FOIA request constitutes a final determination to deny the request." *Arabo*, 310 Mich App at 381; see also MCL 15.235(3). "If a public body makes a final determination to deny a FOIA request, a party may commence an action in circuit court to compel disclosure under [MCL 15.240] of the FOIA." *Arabo*, 310 Mich App at 381, citing MCL 15.235(7); MCL 15.240(1)(b). FOIA "generally allows a public body to charge fees to search for, copy, or provide the public record." *Buckmaster v Dep't of State*, 327 Mich App 469, 475; 934 NW2d 59 (2019), citing MCL 15.234(1). However, a public body may charge a fee only for the actual costs, which may include labor costs. See MCL 15.234(1).

A. SUFFICIENCY OF RESPONSE TO REQUEST 8 OF AUGUST 2020 SET

Plaintiff argues that the district's response to request 8 of the August 2020 set of FOIA requests was insufficient. We agree.

MCL 15.235(5) provides, in relevant part:

A written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request. The written notice must contain:

(a) An explanation of the basis under this act or other statute for the determination that the public record, or portion of that public record, is exempt from disclosure, if that is the reason for denying all or a portion of the request.

-5-

(b) A certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request.

(c) A description of a public record or information on a public record that is separated or deleted under section 14,[3] if a separation or deletion is made.

In this case, request 8 contained four items. Dr. Gabriel stated, without elaboration, that the district granted in part and denied in part plaintiff's request. Dr. Gabriel did not state that "the public record, or portion of that public record, [was] exempt from disclosure," MCL 15.235(5)(a), that the public record did not exist, MCL 15.235(5)(b), or that certain information from the public record was separated or deleted, MCL 15.235(5)(c). Therefore, defendants violated FOIA by failing to comply with MCL 15.235(5) with regard to request 8 of the August 2020 set of FOIA requests, and the trial court erred by concluding otherwise.

## B. DEPOSITS

Plaintiff argues that there was a genuine issue of material fact as to whether defendants' estimates of 30 days and 35 days to fulfill the June 2020 requests and the eighth request of the August 2020 set complied with MCL 15.234(8). We agree.

In their cross-appeal, defendants argue that the trial court erred by concluding that they violated MCL 15.234(11) by requiring plaintiff to pay the full costs of fulfilling the requests before releasing the responsive records. We disagree.

MCL 15.234 provides, in relevant part:

(8) In either the public body's initial response or subsequent response as described under section 5(2)(d), the public body may require a good-faith deposit from the person requesting information before providing the public records to the requestor if the entire fee estimate or charge authorized under this section exceeds $50.00, based on a good-faith calculation of the total fee described in subsection

---

[3] MCL 15.244 provides:

(1) If a public record contains material which is not exempt under section 13, as well as material which is exempt from disclosure under section 13, the public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying.

(2) When designing a public record, a public body shall, to the extent practicable, facilitate a separation of exempt from nonexempt information. If the separation is readily apparent to a person requesting to inspect or receive copies of the form, the public body shall generally describe the material exempted unless that description would reveal the contents of the exempt information and thus defeat the purpose of the exemption.

(4). Subject to subsection (10),[4] the deposit must not exceed 1/2 of the total estimated fee, and a public body's request for a deposit must include a detailed itemization as required under subsection (4).[5] The response must also contain a best efforts estimate by the public body regarding the time frame it will take the public body to comply with the law in providing the public records to the requestor. The time frame estimate is nonbinding upon the public body, but the public body shall provide the estimate in good faith and strive to be reasonably accurate and to provide the public records in a manner based on this state's public policy under section 1 and the nature of the request in the particular instance. . . .

* * *

(11) Subject to subsection (12), after a public body has granted and fulfilled a written request from an individual under this act, if the public body has not been paid in full the total amount under subsection (1) for the copies of public records that the public body made available to the individual as a result of that written request, the public body may require a deposit of up to 100% of the estimated fee before it begins a full public record search for any *subsequent* written request from that individual if all of the following apply:

(a) The final fee for the prior written request was not more than 105% of the estimated fee.

(b) The public records made available contained the information being sought in the prior written request and are still in the public body's possession.

(c) The public records were made available to the individual, subject to payment, within the time frame estimate described under subsection (8).

---

[4] MCL 15.234(10) provides, "This section does not apply to public records prepared under an act or statute specifically authorizing the sale of those public records to the public, or if the amount of the fee for providing a copy of the public record is otherwise specifically provided by an act or statute."

[5] MCL 15.234(4) provides, in relevant part:

A public body shall establish procedures and guidelines to implement this act and shall create a written public summary of the specific procedures and guidelines relevant to the general public regarding how to submit written requests to the public body and explaining how to understand a public body's written responses, deposit requirements, fee calculations, and avenues for challenge and appeal. . . . A public body's procedures and guidelines must include the use of a standard form for detailed itemization of any fee amount in its responses to written requests under this act. The detailed itemization must clearly list and explain the allowable charges for each of the 6 fee components listed under subsection (1) that compose the total fee used for estimating or charging purposes. . . .

(d) Ninety days have passed since the public body notified the individual in writing that the public records were available for pickup or mailing.

(e) The individual is unable to show proof of prior payment to the public body.

(f) The public body calculates a detailed itemization, as required under subsection (4), that is the basis for the current written request's increased estimated fee deposit.

(12) A public body shall no longer require an increased estimated fee deposit from an individual as described under subsection (11) if any of the following apply:

(a) The individual is able to show proof of prior payment in full to the public body.

(b) The public body is subsequently paid in full for the applicable prior written request.

(c) Three hundred sixty-five days have passed since the individual made the written request for which full payment was not remitted to the public body. [Emphasis added.]

In this case, the district estimated 98 hours of labor for the June 2020 requests and 19.5 hours of labor for request 8 of the August 2020 set. These hours represented the labor for "[s]earching for, locating, and examining the material," "[r]eviewing material, including separating exempt from non-exempt material," and "DUPLICATING[.]" Viewing the evidence in the light most favorable to plaintiff, given that the district estimated a total of 98 labor hours for the seven June 2020 requests, reasonable minds could differ as to whether 30 days was a "best efforts estimate" for fulfilling the requests. MCL 15.234(8). Similarly, given that the district estimated a total of 19.5 labor hours for request 8 of the August 2020 set, reasonable minds could differ as to whether 35 days was a "best efforts estimate" for fulfilling the request. *Id*. Therefore, the trial court erred by concluding that there was no genuine issue of material fact as to whether defendants violated MCL 15.234(8).

In their cross-appeal, defendants argue that the trial court erred by concluding that they violated FOIA by requiring plaintiff to pay the full fees before providing plaintiff with the requested records. We disagree.

The plain language of MCL 15.234(8) provides that "the public body may require a good-faith deposit from the person requesting information before *providing* the public records to the requestor . . . ." (Emphasis added.) The maximum deposit is limited to 50% of the total estimated fee. *Id*. Therefore, under the plain language of MCL 15.234(8), the public body must provide the requested information after the requestor submits the good-faith deposit. However, if the public body produced the records even though it had not received the full deposit, the public body could require the requestor pay up to 100% of the required amount before it begins a full public record search for any *subsequent* written request from that individual. See MCL 15.234(11). On the

other hand, the public body may not require the requestor to pay an increased fee deposit for a subsequent request if the public body has been paid in full for the prior request. See MCL 15.234(12)(b). Here, defendants do not allege that plaintiff failed to make full payment of any past FOIA fees. Therefore, as the trial court concluded, defendants violated FOIA by requiring plaintiff to pay the full amount of estimated fees rather than only a 50% deposit before releasing responsive records. Accordingly, the trial court did not err by granting summary disposition in favor of plaintiff as to whether defendants violated MCL 15.234(11).

## C. UNPRODUCED DOCUMENTS

Next, plaintiff argues that the trial court should have ordered defendants to produce records pertaining to the vote of no confidence, a copy of the invitation to a "democrat fundraiser" that was sent out by a central administrator, records pertaining to complaints made against employees for racism, texts and e-mails sent between board members, and communications between local elected officials and the board or staff at the district concerning plaintiff. We agree, based on the record presented, that the trial court should have ordered defendants to produce texts and e-mails sent between board members along with communications between local elected officials and the board or staff at the district concerning plaintiff.

However, we disagree with plaintiff's remaining arguments regarding other, unproduced documents, including that the trial court should have ordered defendants to produce records pertaining to the vote of no confidence.

Before plaintiff was terminated, the teachers of the Grand Ledge Education Association (GLEA) conducted a vote of no confidence as to whether plaintiff should continue being superintendent for the school district. In relation to that vote, as part of the August 2020 set of requested documents, plaintiff asked for:

1. A record that shows how many teachers were employed by the district during the week of June 1, 2020.

2. A record that indicate the number of teachers who paid union dues during the week of June 1, 2020.

3. Any record that indicate the number of teachers that participated (actually voted) in a "vote of no confidence" during the week of June 1, 2020.

4. Any/all records that indicate exactly how many teachers voted "no confidence" during the week of June 1, 2020[.]

5. Any/all records that indicate exactly how many teachers voted "I have confidence" (or similar) during the week of June 1, 2020.

6. Any/all records that indicate how many teachers attempted to vote "yes I have confidence" (or similar), but the teacher's vote was not accepted by the "election system[.]"

Dr. Gabriel stated in response:

> Your request in item 1, above, is granted. Enclosed please find a list of teachers employed by the District on June 1, 2020. Your request in item 3, above, is granted in part and denied in part. Please see the attached records. The remainder of your request is denied. My signature below certifies that the District is not in possession of public records that are responsive to your request. As you are likely aware, internal union communications are personal emails, even if they are captured by the District's email system. See, *Howell Ed Ass'n v Howell Bd of Educ*, 287 Mich App 228 (2010).

Defendants do not argue that records pertaining to the union vote of no confidence existed. Rather, they argue that "[b]ecause the union is not a 'public body' under FOIA, these documents are not properly classified as 'public records' and are not subject to disclosure under FOIA." We agree.

In *Howell Ed Ass'n, MEA/NEA v Howell Bd of Ed*, 287 Mich App 228, 246; 789 NW2d 495 (2010), this Court concluded that " 'internal union communications' " were not subject to disclosure under FOIA. This Court stated:

> We define "internal union communications" to mean those communications sent only between or among [union] members and leadership, involving union business or activities, including contract negotiation, grievance handling, and voting. Any e-mail involving these topics that is sent to the district is no longer purely between or among [union] members and leadership and, therefore, does not fall under this category. [*Id*. at 246 n 9.]

This Court concluded, "The release of e-mail involving internal union communications would only reveal information regarding the affairs of a labor organization, which is not a public body." *Id*. at 246. See also MCL 15.232(h) (defining "public body" as essentially including only governmental bodies and individuals).

In this case, the alleged unproduced records in items 2 (number of teachers who paid union dues), 4 (number of teachers who voted no confidence), 5 (number of teachers who voted with confidence), and 6 (number of teachers that attempted to vote with confidence, but the votes were not accepted by the election system) involved "union business or activities," including "voting." *Howell Ed Ass'n*, 289 Mich App at 246 n 9. Therefore, the records constituted " 'internal union communications' " and were not "public records" subject to disclosure under FOIA.[6] *Id*. at 246.

---

[6] Plaintiff limits his argument to the request pertaining to the two teachers. Therefore, he has abandoned any argument regarding his request in the August 2020 set for "[a]ny records related to communications between the teachers union and any board member regarding the vote of no confidence." See *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008) ("[A]ppellants may not merely announce their position and leave it to this Court to discover and rationalize the basis for their claims[.]").

Next, plaintiff argues that the trial court should have ordered defendants to produce a copy of the invitation to a "democrat fundraiser" that was sent out by a central administrator. Plaintiff also argues that the trial court should have ordered defendants to produce records pertaining to complaints made against employees for racism. We disagree.

In the August 2020 set of requests, plaintiff asked for "[a]ll electronic invitations to any political event (or fundraisers) sent to any school employee, between January 1, 2020 through August 24, 2020 by any Central Office Administrator or School Board member to any other school employee, through any electronic format, including, but not limited to email, Facebook, twitter, and/or any other social media." Dr. Gabriel denied the request and stated, "My signature below certifies that the District diligently searched for records responsive to your request and did not locate any responsive records." With respect to the October 2020 request, again, the district stated that it was unable to locate responsive records.

"[N]onexistence of a record is a defense for the failure to produce or allow access to the record." *Hartzell v Mayville Community Sch Dist*, 183 Mich App 782, 787; 455 NW2d 411 (1990). FOIA "only gives a right of access to records in existence." *Walloon Lake Water Sys, Inc v Melrose Twp*, 163 Mich App 726, 731; 415 NW2d 292 (1987). Generally, FOIA does not require public bodies to record information, *id.*, or to create documents in response to a FOIA request, see *Bitterman v Oakley*, 309 Mich App 53, 67-68; 868 NW2d 642 (2015). Rather, if a document does not exist, the public body must respond to the request and inform the requesting party of the document's nonexistence. See *Key v Paw Paw Twp*, 254 Mich App 508, 511; 657 NW2d 546 (2002).

In this case, plaintiff did not set forth specific facts, including in his affidavit, demonstrating there is a genuine issue of material fact as to whether a copy of the invitation to a political fundraiser or records pertaining to complaints made against employees for racism exist. See MCR 2.116(G)(4). Therefore, plaintiff has failed to establish that the district violated FOIA by not producing the records he seeks in this request.

Finally, plaintiff argues that the trial court should have ordered defendants to produce texts and e-mails sent between board members, including records pertaining to communications between local elected officials and the board or staff at the district concerning plaintiff. We agree with plaintiff.

In item 5 of the June 2020 request to Pierson, plaintiff requested "[a]ny texts/emails (saved and deleted) that Ms. Clark Pierson sent to other board members." Item 5 in the other six requests contained a similar request for the other board members. Dr. Gabriel stated:

> Your request in item 5, above, is denied because it does not describe any public record sufficiently to enable the District to find a public record. Specifically, it is unclear if you are seeking all text messages and emails on any subject; text messages and emails to current Board members only, or to past Board members; and whether there is any time frame on the request. It is also unclear what you are seeking when you request "deleted" messages. If you wish to clarify your request, the District will respond accordingly.

In the August 2020 set of requests, plaintiff asked for, in relevant part, "[a]ll records (either saved or deleted) related to locally elected officials communications with the board or District Staff, regarding [plaintiff]." Dr. Gabriel denied the request on the basis that

> it does not describe any public record sufficiently to enable the District to find a public record. Specifically, it is unclear if you are seeking records of any elected official ever communicating with any staff member regarding [plaintiff], or if you are seeking records related to a specific time frame. It is also unclear what you are seeking when you request "deleted" records. If you wish to clarify your request, the District will respond accordingly.

"The FOIA does not establish detailed requirements for a valid request. Instead, it merely requires that a request 'describe[] the public record sufficiently to enable the public body to find the public record.' " *Herald Co v Bay City*, 463 Mich 111, 120; 614 NW2d 873 (2000), quoting MCL 15.233(1) (alteration in *Herald Co*). Therefore, "[t]he Legislature chose not to require an exacting standard in MCL 15.233(1)." *Coblentz v Novi*, 475 Mich 558, 572; 719 NW2d 73 (2006).

With respect to item 5 of the June 2020 requests, because plaintiff did not specify a particular subject matter, it appears he was seeking information on all topics, and contrary to defendants' argument, the request was not "absurdly overbroad." Cf. *Capitol Info Ass'n v Ann Arbor Police*, 138 Mich App 655, 658; 360 NW2d 262 (1984) (concluding that the plaintiff's request was "absurdly overbroad" because it would require the defendants to "search their files for correspondence with a wide spectrum of federal agencies dealing with any of more than 100,000 persons during an extensive period of time"). Although defendants argue that deleted messages are not recoverable, plaintiff aptly points out that "[a]ny individual who has operated computers in their line of work has familiarity with the spam, archive, and trash functions in email systems." Similarly, it is possible for a cell phone carrier to recover deleted text messages.

Finally, in item 2 of the Pierson request for the June 2020 set of documents, plaintiff sought "[a]ny records of communications between Ms[.] Clark Pierson and any other board member, including, but not limited to, phone records, texts, emails, social media, [G]oogle docs, or any other electronic communication, related to the initial response to complaints against [plaintiff] tied to his personal social media statement, the decision to discipline [plaintiff] as noted above, and/or any communications in support of or opposition to the discipline noted above." Item 2 in the other six requests contain the same documents for the other board members. The district granted in part and denied in part item 2, i.e., it granted item 2 with certain redactions made. Because the district appeared to understand what "board member" meant in item 2, it is unclear why the district was confused about plaintiff's use of the term in item 5 of the same request.

With respect to the August 2020 request, plaintiff set boundaries on the request as to the form of records he requested, i.e., "communications," the parties to those communications, and the scope of the subject matter of those communications. Plaintiff was not required to describe the specific public records to be disclosed, see *Herald Co*, 463 Mich at 121, and his requests were sufficiently detailed to allow the district to determine what documents he wished to review, see *Coblentz*, 475 Mich at 573.

Therefore, the trial court should have ordered defendants to produce all texts and e-mails, including those that were deleted, between board members. Additionally, the trial court should also have ordered defendants to produce records related to locally elected officials' communications with the board or district staff regarding plaintiff.

## D. ATTORNEY FEES

Finally, plaintiff argues that the trial court erred by concluding that he was not a prevailing party. We agree.

MCL 15.240(6) provides, in relevant part:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. . . .

"The first criterion for an award of attorney fees in litigation under the FOIA is that a party 'prevails' in its assertion of the right to inspect, copy, or receive a copy of all or a portion of a public record." *Local Area Watch v Grand Rapids*, 262 Mich App 136, 149; 683 NW2d 745 (2004). "A party prevails in the context of an FOIA action when the action was reasonably necessary to compel the disclosure, and the action had a substantial causative effect on the delivery of the information to the plaintiff." *Scharret v Berkley*, 249 Mich App 405, 414; 642 NW2d 685 (2002) (emphasis omitted). "[A]ttorney fees and costs *must* be awarded under the first sentence of MCL 15.240(6) only when a party prevails *completely*." *Local Area Watch*, 262 Mich App at 150 (emphasis added). In contrast, under the second sentence of MCL 15.240(6), "whether to award plaintiff reasonable attorney fees, costs, and disbursements when a party only *partially* prevails under the FOIA is entrusted to the sound discretion of the trial court." *Id*. at 151 (emphasis added).

In this case, the trial court analyzed the issue of whether plaintiff was entitled to attorney fees based on its conclusion that defendants violated FOIA by requiring plaintiff to pay the full estimated fees before releasing responsive records. However, in addition, plaintiff alleges that defendants have not produced all responsive records, and the trial court erred by not ordering defendants to produce some of these records.

Because the trial court should have concluded that plaintiff was entitled to receive some, but not all, of the remaining unproduced documents, plaintiff has prevailed in part. Therefore, we vacate the trial court's order determining that plaintiff was not entitled to attorney fees and costs.

## III. CONCLUSION

For the reasons explained herein, we affirm in part, reverse in part, vacate in part, and remand to the trial court for further proceedings. On remand, the trial court should order defendants to produce all texts and e-mails, including those that were deleted, between board members, to the extent that such records are recoverable. The trial court should also order

defendants to produce records related to locally elected officials' communications with the board or district staff regarding plaintiff. Further, the trial court should determine whether, in its discretion, plaintiff is entitled to an award of all or an appropriate portion of reasonable attorney fees, costs, and disbursements. See MCL 15.240(6). We affirm in all other respects.[7] We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[7] We note that plaintiff also asserts that defendants did not produce a picture of Cwayna with the Confederate flag. However, plaintiff never submitted a FOIA request for this record. Further, plaintiff has abandoned this argument because he does not explain why defendants were required to produce this record. See *VanderWerp*, 278 Mich App at 633. Finally, plaintiff does not elaborate on his assertion that defendants failed to produce "meta data related to the records identified in the various FOIA requests" and therefore, has also abandoned this argument. See *id*.