CASHEL v SMITH

Docket No. 45534. Submitted January 13, 1982, at Lansing.—Decided June 23, 1982. Leave to appeal applied for.

Marcia Cashel sought from the University of Michigan, pursuant to the Freedom of Information Act, records relating to grants to and contracts made by the Institute for Social Research. The University of Michigan denied the request for such records on the bases that it was not required to make a compilation, summary, or report of information, that the request did not sufficiently identify the requested records, and that, pursuant to its statutory authority to make reasonable rules to protect its public records and prevent excessive and unreasonable interference with its functions, requests for records based on whim, fancy or for the purpose of harassment would be denied. Marcia Cashel brought an action in Washtenaw Circuit Court, pursuant to the provisions of the Freedom of Information Act, against Allen F. Smith, interim president of the University of Michigan, and others, seeking such records and requesting costs and attorney fees, punitive damages and certain copying costs pursuant to the act. Defendants sought to depose plaintiff and requested that plaintiff bring "any and all documents supporting or tending to support any of the claims" in her complaint. Plaintiff sought to "quash" the taking of her deposition. Defendants claimed that plaintiff's complaint was difficult to understand and raised numerous factual issues which made the taking of her deposition necessary. Patrick J. Conlin, J., denied plaintiff's motion on the bases that the General Court Rules provided for the taking of depositions in all civil suits and that the defendants were entitled to know exactly what documents plaintiff was seeking. Plaintiff appeals by leave granted. Held:

1. The taking of depositions in Freedom of Information Act cases may be appropriate in some instances, even in the face of

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 23 Am Jur 2d, Depositions and Discovery §§ 14, 15.
[2] 66 Am Jur 2d, Records and Recording Laws § 36.
[3] 66 Am Jur 2d, Records and Recording Laws § 32.
[4] 66 Am Jur 2d, Records and Recording Laws § 35.

the statutory requirement that actions under the act shall be expedited in every way.

2. The rule promulgated by the University of Michigan denying access to records where the request is by the idly or maliciously curious for the purpose of whim, fancy or to harass is not within the scope of the rule-making authority granted public bodies to formulate rules reasonably necessary to protect its records or to prevent excessive and unreasonable interference with the discharge of its functions. Accordingly, the defendants' request to take a deposition cannot be justified on the basis of their need to know the reason and purpose for plaintiff's request for information.

3. The deposition cannot be justified on the basis that the defendants are entitled to know exactly what documents are being requested, since the question presented in the suit is whether the description in plaintiff's original request was adequate. If the description in the request was sufficient, no further description is. necessary, and, if the description in the request was not sufficient, defendants had a proper statutory basis to deny the request.

Reversed and remanded.

1. ACTIONS — FREEDOM OF INFORMATION ACT — DEPOSITIONS.

Depositions may be taken in an action brought under the Freedom of Information Act, even though the taking of depositions may delay proceedings, where the subject matter of the deposition is necessary and appropriate to the resolution of the issues raised in the action (MCL 15.240; MSA 4.1801[10]).

2. RECORDS — PUBLIC RECORDS — FREEDOM OF INFORMATION ACT — ADMINISTRATIVE RULES.

The section of the Freedom of Information Act providing that public bodies may make reasonable rules necessary to protect their public records and prevent excessive and unreasonable interference with their public functions does not provide a statutory basis for an administrative rule creating new exemptions to the public's access to information and records (MCL 15.233[2]; MSA 4.1801[3][2]).

3. RECORDS — PUBLIC RECORDS — FREEDOM OF INFORMATION ACT.

A person seeking information under the Freedom of Information Act is generally not required to divulge the reason for the request.

4. ACTIONS — FREEDOM OF INFORMATION ACT — DEPOSITIONS.

Depositions are unnecessary where the issue in an action for

disclosure of public records brought under the Freedom of Information Act is whether the records were sufficiently described, since the resolution of that issue turns solely upon whether the request as made described the records requested in a manner sufficient to enable the public body to find the records.

Marcia Cashel, *in propria persona.*

*Davis & Fajen,* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and C. J. HOEHN,* JJ.

PER CURIAM. Plaintiff appeals from a trial court order denying her motion to quash[1] the taking of her deposition by defendants. We reverse.

In September 1978, plaintiff wrote a letter to the then president of the University of Michigan, Robben Fleming, claiming that she was investigating embezzling in the Institute for Social Research (ISR). Pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* she requested:

"[A] list of all contracts that have come into the ISR and all subcontracts that have gone out of the ISR to other untis or departments of The University of Michigan or to other universities since April 1971. In addition, I need to know to which department and research scientist or scientists each contract or subcontract was destined or assigned along with the date sent. I also need to know the person at the ISR and the person in the U of M's Purchasing Dept who approved of each subcontract."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although plaintiff insisted that the trial judge use the phrase "motion to quash", it appears that the motion was one for a protection order under GCR 1963, 306.2.

The request was denied in a form letter giving the following reasons:

"(X) The record or portion of record is exempt from disclosure, pursuant to: FOIA Sec. 3(3). This act does not require a public body to make a compilation, summary, or report of information * * *. This act does not require a public body to create a new public record.

"(X) It is hereby certified that the record requested does not exist under the name provided or by another name reasonably known to the University, or, if such record exists, the description supplied is insufficient to locate the record."

Plaintiff again wrote to Mr. Fleming restating her request as follows:

"I request to see or to have access to all contracts coming to the Institute for Social Research (ISR) and subcontracts going out of the ISR to other units or departments of the University of Michigan or to other universities since April 1971. In addition, I request to see any relevant documents, such as letters, etc., as to which department and research scientist or scientists each subcontract was destined or assigned, research purpose of subcontract, accompanied monies and date sent of subcontract, and who at the ISR and in The University of Michigan Purchasing Dept. approved of each subcontract."

Plaintiff specifically denied seeking a compilation, summary, or report of information but instead requested "to see documents that already exist". The request was again denied, the following reasons being given:

"(X) The record or portion of record is exempt from disclosure, pursuant to: Sec. 3(2) '* * * A public body may make reasonable rules necessary to protect its public records and to prevent excessive and unreason-

able interference with discharge of its functions.' Rule 2 (Unreasonable Interference). Paragraph D: Whim, fancy, or purpose to harass. The idly or maliciously curious need not be accommodated under the Act."

On April 19, 1979, plaintiff, proceeding *in pro per,* filed a complaint seeking:

"[A]ccess to the following requested public records: all ISR grants, contracts, cooperative agreements, subgrants, 1971 to the present for the purpose of inspecting, copying, or receiving copies as stated in Sec. 3(1) of the 'freedom of information act.' "

Pursuant to the FOIA, she also sought costs and attorney fees, MCL 15.240(4); MSA 4.1801(10)(4), $500 punitive damages, MCL 15.240(5); MSA 4.1801(10)(5), and that the first $20 of copying the requested records be furnished without charge. MCL 15.234(1); MSA 4.1801(4)(1).

On May 8, 1979, defendants noticed plaintiff's deposition for May 30, 1979. They also requested that, pursuant to GCR 1963, 305.1, plaintiff bring with her:

"[A]ny and all documents supporting or tending to support any of the claims made in your Complaint, including any and all documents relating to your investigation of the Institute for Social Research."

On May 21, 1979, plaintiff moved to quash the taking of her deposition, claiming that depositions are improper in all FOIA actions. Defendants responded June 11, 1979, claiming that plaintiff's complaint was difficult to understand and raised numerous factual issues, thus making it necessary to depose her. A hearing was held at which time the trial court denied plaintiff's motion, stating that the Michigan General Court Rules allow de-

positions in all civil suits. The trial court further stated that defendants are entitled to know exactly what documents plaintiff was seeking. An order denying plaintiff's motion was entered August 30, 1979. Plaintiff appeals this order upon leave granted by this Court.

Plaintiff argues that depositions may never be taken in FOIA cases since the taking of depositions would invoke a much longer procedure than that intended under the act.

Undoubtedly, the Legislature was concerned that the flow of information from public bodies to persons should not be long impeded by court process. In § 10 of the act the Legislature specifically provided that FOIA cases should be dealt with expeditiously by the courts:

"An action commenced pursuant to this section and appeals therefrom shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way." MCL 15.240(3); MSA 4.1801(10)(3).

Despite this express policy, we are not prepared to announce a general rule precluding depositions in all FOIA actions. Under certain circumstances a deposition may be necessary and appropriate even though it may delay proceedings. For example, where a request for information is denied on the ground that an invasion of privacy may occur, the requester's motive for requesting the information is a relevant consideration where the requester intends to use the information for commercial purposes. *Kestenbaum v Michigan State University,* 97 Mich App 5, 20; 294 NW2d 228 (1980), *lv gtd* 411 Mich 869 (1981). A public body might wish to discover this motive by way of deposition.

While agreeing with defendants that depositions

are sometimes appropriate, we fail to see the value in deposing plaintiff in the instant case. As justification for the deposition defendants proffer a rule allegedly promulgated by the University of Michigan and cited by defendants in their second denial of plaintiff's request: "Whim, fancy, or a purpose to harass. The idly or maliciously curious need not be accommodated under the Act". Defendants contend that a deposition is necessary to determine if plaintiff's request falls within this rule.

The rule is invalid for a number of reasons. It purports to create an exemption under the act which the Legislature has not chosen to include. See MCL 15.243; MSA 4.1801(13). Furthermore, defendants have misinterpreted a section of the act which they claim authorizes such a rule. That section reads:

"A public body shall furnish a requesting person a reasonable opportunity for inspection and examination of its public records, and shall furnish reasonable facilities for making memoranda or abstracts from its public records during the usual business hours. A public body may make reasonable rules necessary to protect its public records and to prevent excessive and unreasonable interference with the discharge of its functions." MCL 15.233(2); MSA 4.1801(3)(2).

The express purpose of this rule-making authority is to *protect* records and prevent *interference* with the discharge of the public body's functions. It was obviously not intended to authorize rules creating new exemptions to the public's access to information and records.

Finally, a rule which would permit denial of a request for information on grounds that the requester is "idly or maliciously curious" is repugnant to the act. A person seeking information

under the act is generally not required to divulge the reason for the request. *Kestenbaum, supra.* Accordingly, a deposition taken for the purpose of discovering whether or not plaintiff's motives are "idly or maliciously curious" is not appropriate under the act, would produce nothing relevant and would only serve to delay proceedings.

One of the grounds given by the trial judge for requiring that plaintiff be deposed is indicated in his statement that defendants were entitled to know exactly what documents plaintiff was seeking access to. Under FOIA, a request for a public record must describe "the public record sufficiently to enable the public body to find the public record". MCL 15.233(1); MSA 4.1801(3)(1).

When a request for records is denied by a public body on the ground that the description is insufficient to enable the public body to find the record, the person requesting the record has two options. She may either revise her description or file suit. If she chooses to file suit, the sole issue for trial is whether or not the record was sufficiently described. It would seem that a deposition of the requester would not be necessary to determine whether or not the request contains an adequate description. The request is either sufficient or it is not. To allow a public body to depose a requester simply on grounds that the description is inadequate would open the door to undue delay of proceedings and harassment of the requester.[2]

Accordingly, the trial judge erred in denying plaintiff's motion to quash the deposition.

The order is vacated and the case remanded for proceedings consistent with this opinion. We retain no further jurisdiction.

---

[2] Indeed, if the interrogatories sent to plaintiff in the instant case are any indication, the questions defendants intend to ask plaintiff have, for the most part, nothing to do with the records sought. Rather, they concern plaintiff's personal history.