*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN CIVIL LIBERTIES UNION OF
MICHIGAN and AMERICAN CIVIL LIBERTIES
UNION FUND OF MICHIGAN,

UNPUBLISHED
December 15, 2025
12:41 PM

Plaintiffs-Appellants,

v

No. 372705
Wayne Circuit Court
LC No. 23-013720-CZ

CITY OF TAYLOR and TAYLOR POLICE
DEPARTMENT,

Defendants-Appellees.

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

In this action brought under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq*., plaintiffs, the American Civil Liberties Union of Michigan (ACLU) and the ACLU Fund of Michigan, appeal as of right the trial court's order granting summary disposition in favor of defendants, the city of Taylor and the Taylor Police Department. Because the ACLU's FOIA request was sufficiently clear and because the civil-litigation exemption of MCL 15.243(1)(v) does not apply, we reverse and remand for entry of summary disposition in favor of plaintiffs.

## I. BASIC FACTS

On June 20, 2023, the ACLU submitted a FOIA request to the Taylor Police Department for copies of records. The request stated, in pertinent part, the following:

Records requested herein include written reports, affidavits, investigative records, correspondence, memoranda, court documents and records, photographs, news clippings and other preserved media reports, complaint forms, e-mail messages, activity logs, incident reports, and daily reports. We specifically request records that were created on or at any time after October 7, 2021 that in any way concern allegations or findings that Taylor Police Department officers engaged in racial profiling, racial discrimination, harassment, or excessive force.

Two days later, the police department denied the request, stating, in part:

> This respond [sic] will **certify** that after careful review and in consideration of the ACLU's request, the Taylor Police Department has determined the request to be overly broad, vague, and ambiguous. The ACLU's request states **"any"**, **"anytime"**, **"in any way"**. The words used individually or in compound form request information which asks for one, some, or all indiscriminately. MCL 15.231 states the requestor must sufficiently describe the record which is sought sufficiently, not in broadly used terms. [Italics removed[1].]

On July 20, 2023, the ACLU appealed the police department's denial to Mayor Timothy Wooley. The ACLU averred that the request for records that "in any way concern allegations or findings that Taylor Police Department officers engaged in racial profiling, racial discrimination, harassment, or excessive force" was patently clear and that attempting to make it clearer would be "a useless exercise."

Mayor Wooley responded on August 1, 2023, denying the appeal for the reasons set forth in the initial denial. The Mayor further noted:

> In addition, MCL 15.243(1)(v) exempts "records or information relating to a civil action in which the requesting party and the public bodies are parties" from disclosure. Currently, the ACLU of Michigan is the legal representative of the Plaintiff in *Bryant v City of Taylor*.

Plaintiffs filed the instant suit on October 23, 2023. In the complaint, plaintiffs alleged that defendants' failure to disclose the requested documents constituted a violation of the FOIA, which entitled them to injunctive relief, an award of reasonable attorney fees pursuant to MCL 15.240(6), and an award of damages pursuant to MCL 15.240(7).

At issue on appeal is plaintiffs' second motion for summary disposition, which was brought under MCR 2.116(C)(9).[2] Plaintiffs argued that they were entitled to judgment because defendants failed to state a valid defense. They maintained that the FOIA request sufficiently described the records they sought because any reasonable person would be able to locate the requested records. Plaintiffs further argued that any reliance on the civil-litigation exemption found in MCL 15.243(1)(v) was misplaced because (1) the relied-upon *Bryant v City of Taylor* suit had been settled and (2) neither plaintiff was a party in the *Bryant* case.

In response, defendants claimed that the city clerk "could not identify what documents were being sought nor where to begin searching." In support, defendants attached an affidavit of City Clerk Cynthia Bower, in which she averred that she "could not determine or identify what

---

[1] The letter is written entirely in italicized print. All future quotes of the denial in this opinion will have the italics omitted.

[2] Plaintiffs, pursuant to MCR 2.116(C)(9) and (10), previously moved for summary disposition, but the trial court denied that motion without prejudice because the court determined that it was premature "without having conducted any discovery."

documents were being sought in the FOIA request or where to begin searching for responsive documents." Defendants also provided an April 11, 2024 communication from their counsel to plaintiffs' counsel, in which defense counsel wrote:

> [W]hile I am still of the opinion that the [FOIA] request was not "a written request that describes a public record sufficiently to enable the public body to find the public record," (MCL 15.233), I want to cooperate and provide the documents that I believe you are seeking. When the Taylor City Clerk's office received your request they really did not know where to begin to look because of the extremely broad nature of the request. Be that as it may, I have personally searched the City of Taylor records for documents dated after October 7, 2021, that contained allegations or findings of racial profiling, racial discrimination, harassment, or excessive force by Taylor Police officers.

Defense counsel stated that the only documents he found that were related to allegations or findings of racial profiling, racial discrimination, harassment, or excessive force were several civil complaints that were filed against the city.[3]

> At the motion hearing, the trial court ruled as follows:

> Okay. I think it could have been just as easily done with a narrowing of the request. I read the request and I wouldn't know where to begin.

> I think the affidavit puts this issue to bed. I'm granting [defendants'] counter Motion For Summary Disposition.[4] I don't think they could have responded to this. The affidavit makes it clear she was confused. She didn't know where to begin. She attempted to even reach out to someone else who didn't know where to begin and they provided their response.

> I think the ACLU should have narrowed this early on, rather than bringing this to the Court and appealing it. So I'm denying your motion. I'm granting the counter motion.

## II. DISCUSSION

Plaintiffs argue that the trial court erred when it granted summary disposition in favor of defendants on plaintiffs' claim that defendants should be compelled to disclose certain public records. We agree. We review both a trial court's decision to grant or deny a motion for summary

---

[3] Defense counsel found six civil complaints that had been filed since October 7, 2021, plus one case that was filed in 2021 but before October 7.

[4] There was no "counter motion." However, although defendants in their "relief requested" portion of their response to plaintiffs' motion merely asked that plaintiffs' motion be denied, elsewhere in the response, they averred that they were entitled to summary disposition.

disposition and questions of statutory interpretation de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009).

The trial court did not mention under which subrule it ruled on plaintiffs' motion for summary disposition. In plaintiffs' motion, they only cited MCR 2.116(C)(9). But in their brief in support of the motion, they also mentioned MCR 2.116(C)(10). A "motion for summary disposition under MCR 2.116(C)(9) is tested solely by reference to the parties' pleadings." *BC Tile & Marble Co, Inc v Multi Building Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010) (quotation marks and citation omitted). Because the trial court considered materials that were not part of the pleadings, i.e., the affidavit defendants submitted, we treat the matter as being decided under MCR 2.116(C)(10). See *Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 273; 856 NW2d 206 (2014) ("If the trial court does not specify under which specific subrule it granted or denied a motion for summary disposition, and it considered material outside the pleadings, we review the decision under MCR 2.116(C)(10).").

A motion brought under MCR 2.116(C)(10) tests the factual support for the claim. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). "In evaluating such a motion, a court considers the entire record in the light most favorable to the party opposing the motion, including affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). The motion should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Kisiel v Holz*, 272 Mich App 168, 170; 725 NW2d 67 (2006). Although defendants did not move for summary disposition, "summary disposition is properly granted [under MCR 2.116(I)(2)] to the opposing party if it appears to the court that that party, rather than the moving party, is entitled to judgment." *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996).

In *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 380; 872 NW2d 223 (2015), this Court observed:

> The [FOIA] declares that it is the public policy of this state to entitle all persons to complete information regarding governmental affairs so that they may participate fully in the democratic process. A public body must disclose all public records that are not specifically exempt under the act. [(Quotation marks and citations omitted); see also *Amberg v City of Dearborn*, 497 Mich 28, 30; 859 NW2d 674 (2014).]

"The FOIA does not establish detailed requirements for a valid request. Instead, it merely requires that a request 'describe[] the public record sufficiently to enable the public body to find the public record.' " *Herald Co v Bay City*, 463 Mich 111, 120; 614 NW2d 873 (2000), quoting MCL 15.233(1). Further, "[a] request need not describe the specific public records to be disclosed." *Thomas v City of New Baltimore*, 254 Mich App 196, 203; 657 NW2d 530 (2002).

As noted before, plaintiffs' request consisted of the following:

> Records requested herein include written reports, affidavits, investigative records, correspondence, memoranda, court documents and records, photographs,

news clippings and other preserved media reports, complaint forms, e-mail messages, activity logs, incident reports, and daily reports. We specifically request records that were created on or **at any time** after October 7, 2021 that in **any way** concern allegations or findings that Taylor Police Department officers engaged in racial profiling, racial discrimination, harassment, or excessive force. [Bold emphasis added.]

The denial was premised on the request being "overly broad, vague, and ambiguous" because of the use of the words "any," "anytime," and "in any way." Defendants claimed that these words "individually or in compound form request information which asks for one, some, or all indiscriminately." They further asserted that because the FOIA requires a requestor to sufficiently describe the record which is sought, the requestor may not use broad terms.

Defendants are incorrect. At the outset, there is no ban on the use of broad terms, and defendants have cited no authority supporting their view. All that is required is that the request must be "sufficiently descriptive to allow the public body to find public records containing the information sought." *Herald Co*, 463 Mich at 121. Further, contrary to the implication in defendants' denial that there were three instances of "any" in the request, there are only two such instances. The first part identifies that the ACLU is seeking "records that were created on or at any time after October 7, 2021." Clearly, the use of "at any time" in this context is not confusing. The request was for records created on or after October 7, 2021. The second use of "any" specifies that the request is for records that "in any way concern allegations or findings that Taylor Police Department officers engaged in racial profiling, racial discrimination, harassment, or excessive force." Again, the intent seems amply clear. The request was for documents that relate, even minimally, to allegations or findings that police officers engaged in racial profiling, racial discrimination, harassment, or excessive force. How this request was deemed incomprehensible is mystifying.[5]

Notably, on appeal, defendants do not adequately explain how or why the request was indiscernible. Similar to the trial court, they simply (1) rely on the City Clerk's affidavit, in which she averred that she "could not determine or identify what documents were being sought in the FOIA request or where to begin searching for responsive documents" and (2) cursorily state that "in this particular request, the ACLU wholly failed to sufficiently describe the documents it was

---

[5] We further note that while whether something relates "in any way" to a particular topic might be deemed difficult to ascertain because something could be related very tangentially, this is not the case in this instance. That is because the documents did not need to relate in any way to racial profiling, racial discrimination, harassment, or excessive force—they needed to relate to "allegations or findings" that police officers engaged in these types of conduct. This is highly significant because, otherwise, a person might have to use some discretion to determine whether a record of an ordinary traffic stop of a black person, for instance, related to racial profiling, which would be a very difficult—if not impossible—task. But that is not what the ACLU sought—the documents need to relate to *actual allegations or findings* of the specified conduct, which narrows the type of documents sought dramatically.

requesting." But the clerk's subjective opinion is not controlling. Indeed, her opinion is not even relevant. Whether a request is sufficient under the FOIA is a matter of law for the courts to decide. See *Cashel v Smith*, 117 Mich App 405, 412; 324 NW2d 336 (1982) (stating that a FOIA request "is either sufficient or it is not" on its face); see also *Thomas*, 254 Mich App at 203-204. And as explained previously, the request was sufficient to allow a public body to know which records were being requested.[6]

This does not end the analysis because defendants argue that this Court could also affirm on the alternate ground that disclosure was prohibited by MCL 15.243(1)(v).[7] We disagree. MCL 15.243(1) provides a list of items that are exempt from disclosure as a public record and includes, in pertinent part:

> (v) Records or information relating to a civil action in which the requesting party and the public body are parties.

Exemptions are to be narrowly construed, and the party seeking to invoke an exemption must prove that a particular exemption applies. *City of Warren v Detroit*, 261 Mich App 165, 169-170; 680 NW2d 57 (2004).

Defendants assert that the exemption applies because the ACLU is representing a party in a civil lawsuit brought in federal court against the city of Taylor. Plaintiffs do not deny this relationship, but they maintain that the exemption does not apply because neither plaintiff is an actual party in that lawsuit.

In *Taylor v Lansing Bd of Water & Light*, 272 Mich App 200; 725 NW2d 84 (2006), this Court interpreted the litigation exception of MCL 15.243(1)(v). In *Taylor*, a friend of the plaintiff was involved in litigation with the defendant. *Id*. at 202. The plaintiff sought certain records that were pertinent to the friend's litigation. *Id*. The attorney representing both the plaintiff and the friend were the same person. *Id*. at 206. The defendant denied the request under MCL 15.243(1)(v), claiming that the plaintiff was merely acting as the friend's agent. *Id*. at 202-203. This Court rejected the defendant's agency argument, holding that because MCL 15.243(1)(v) was not ambiguous, judicial construction was not permitted and the statute's plain meaning must be given effect. *Id*. at 207. Consequently, because MCL 15.243(1)(v) only exempts the disclosure of documents when the "requesting party and the public body are parties" in a civil action, it did not matter if the requesting party was acting as a proxy for someone else. The pertinent inquiry

---

[6] Moreover, it is notable and highly ironic that defendants' attorney *was* able to discern the meaning of plaintiffs' request and attempt to conduct a search for the requested documents.

[7] Defendants do not have to file a cross-appeal to make such an argument. See *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999) ("[A]n appellee need not file a cross-appeal in order to argue an alternative basis for affirming the trial court's decision . . . .").

simply is whether the public body "is a party to a civil action involving the requesting party."[8]  *Id.* at 205.

Defendants' argument that the ACLU should be treated as a party in the *Bryant* federal litigation—because it is the plaintiffs' agent in that case—is foreclosed by this Court's decision in *Taylor*.  As this Court recognized, the statute (inexplicably) allows for proxies or agents to obtain FOIA disclosures on behalf of parties who would otherwise not be able to obtain such records.  *Id.* at 206-207; see also *Day v Dep't of Environment, Great Lakes, & Energy*, unpublished per curiam opinion of the Court of Appeals, issued April 21, 2022 (Docket No. 358689), pp 6-7 ("[T]he Legislature did not act to obviate the *Taylor* decision and prevent FOIA actions from being filed by best friends, *counsels of record*, or associates despite this Court's recognition that a 'distasteful' result occurs without such a restriction of the term 'party.' ") (emphasis added).[9]  And that is the case here.  Accordingly, because the ACLU is not a party in the *Bryant* litigation, the exemption in MCL 15.243(1)(v) does not apply.

Therefore, the trial court erred when it denied plaintiffs' motion for summary disposition and granted summary disposition in favor of defendants.  We reverse the trial court's order and remand for entry of summary disposition in favor of plaintiffs.  We do not retain jurisdiction. Plaintiffs, as the prevailing parties, may tax costs pursuant to MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi

---

[8] The *Taylor* Court expressed its displeasure with this outcome because it was a trivial matter for a litigant to skirt around any prohibition, which ostensibly produced a "distasteful" and "absurd" result.  *Taylor*, 272 Mich App at 206-207.  Regardless, this Court declined to engage in judicial lawmaking by interpreting the statute in a manner to correct any perceived deficiencies, leaving it for the Legislature to address.  *Id.* at 207.  Although there have been numerous amendments to MCL 15.243 in the nearly 20 years since *Taylor* was decided, the substance of MCL 15.243(1)(v) remains unchanged.

[9] Although unpublished opinions are not binding, they may be considered for their persuasive value.  *Kern v Kern-Koskela*, 320 Mich App 212, 241; 905 NW2d 453 (2017).